IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Boston Division

| | |
|---|---|
| ROBERT PELUSI<br>47 Bruno Street<br>Revere, MA 02151 | CIVIL ACTION<br>04 12236 RGS |
| vs. | JURY TRIAL DEMANDED |
| NATIONAL RAILROAD<br>PASSENGER CORPORATION  MAGISTRATE JUDGE _____<br>253 Summer Street<br>Boston, MA 02210 | NO. |

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 10/25/04

COMPLAINT

1.  The Plaintiff, Robert Pelusi, is a competent adult individual residing at 47 Bruno Street, Revere, Massachusetts 02151.

2.  The Defendant, National Railroad Passenger Corporation is a corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is listed above.

3.  This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§51-60; The Federal Safety Appliance Act, 45 U.S.C. §§1-16; and the Boiler Inspection Act, 45 U.S.C. §§2-34.

4.  At all times hereto, the Defendant, National Railroad Passenger Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts, and other states of the United States.

5.  At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, its agents, servants, workmen

and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad and was acting in the scope of his employment by Defendant and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

7. All of the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8. On on about November 3, 2001, the Plaintiff, while working within the scope of his employment, was injured at the South Station, in Boston, Massachusetts, due to unsafe and inadequate working conditions.

9. The aforesaid occurrence was proximately caused, in whole or in part, by the negligence of the Defendant and/or the negligence of the Defendant's employees and/or agents.

10. The Defendant failed to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act, 45 U.S.C. §§51-60.

11. The Defendant failed to provide Plaintiff with adequate equipment and/or materials to safely perform his assigned task.

12. The Defendant failed to provide Plaintiff with adequate manpower to safely perform his assigned task.

13. As a direct result of the Defendant's negligence, the Plaintiff suffered a heart attack.

page

14. By reason of the Plaintiff's injuries, the Plaintiff was disabled from gainful employment, lost wages, his earning capacity was impaired, and incurred outstanding medical bills.

15. By reason of Plaintiff's injuries, Plaintiff sustained pain and suffering, inconvenience and loss of enjoyment of life, past, present and future.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount not in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS, ($150,000.00).

HANNON & JOYCE

Dated: 10/22/04

BY: _____
THOMAS J. JOYCE, III, ESQUIRE
The Public Ledger Bldg - Suite 1000
150 S. Independence Square West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

LAWSON & WEITZEN, LLP

Dated: 10/22/04

BY: _____
MICHAEL J. MCDEVITT, BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02110
(617) 439-4990
Local Counsel for Plaintiff

- 3 -