IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

ROBERT PELUSI,

           Plaintiff

   vs.                                   CASE NO. 04-12236-RGS

NATIONAL RAILROAD
PASSENGER CORPORATION,

           Defendant

## PROPOSED JOINT SCHEDULING PLAN

1.     Statement of the Case

This case involves a personal injury claim brought pursuant to an Act of Congress known as the Federal Employer's Liability Act (FELA), 45 U.S.C., Sec. 51 et seq.

On November 3, 2001, the Plaintiff, while working within the scope of his employment, was injured at the South Station, in Boston, Massachusetts, due to unsafe and inadequate working conditions.

Defendant failed to provide Plaintiff with a safe work environment under the FELA. Specifically, Defendant failed to provide Plaintiff with adequate equipment and/or manpower to safely perform his duties. As a result of Defendant's negligence, Plaintiff sustained a heart attack.

The Defendant denies Plaintiff's claims and further denies that its' alleged negligence was the proximate cause of Plaintiff's injuries.

2.     Joint Discovery Plan

The attorneys for the parties have reached an agreement for a proposed Pretrial schedule as follows:

        (a)     All additional parties shall be joined by June 30, 2005.

        (b)     Amendment of pleadings shall be completed by June 30, 2005.

  (c) Parties will exchange initial disclosures by June 30 2005.

  (d) All fact discovery should be completed by January 2, 2006.

  (e) All experts who may be witnesses for the Plaintiff shall be designated no later than November 1, 2005.

  (f) All experts who may be witnesses for the Defendant shall be designated no later than December 1, 2005.

  (g) All expert discovery shall be completed by March 15, 2006.

  (h) All motions for Summary Judgment to be filed by April 15, 2006.

 Thomas J. Joyce, III, Hannon & Joyce, counsel for Plaintiff, Robert Pelusi, and Stephen E. Hughes, counsel for Defendant, have conferred concerning the above discovery schedule and expenses.

 Counsel for the parties have discussed informally exchanging discovery to reduce the cost of litigation to our clients and agreed to conform to the obligation to limit discovery set forth in F.R.C.P. 26(b). Discovery is expected to include all relevant information including but not limited to Plaintiff's work and medical history as well as Defendant's safety, medical and claim history regarding his injuries.

 The parties and their respective counsel have conferred regarding settlement.

Dated: May 16, 2005

Respectfully Submitted,

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| /s/ Thomas J. Joyce<br>Thomas J. Joyce, III, Esquire<br>HANNON & JOYCE<br>Public Ledger Building, Suite 1000<br>150 S. Independence Mall West<br>Philadelphia, PA   19106 | /s/ Stephen E. Hughes, Esquire<br>Stephen E. Hughes, Esquire<br>BONNER, KIERNAN, TREBACH<br>& CROCIATA<br>One Liberty Square<br>Boston, MA   02109<br>617-426-3900 |

/s/ Michael J. McDevitt
Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA   02210
617-439-4990
Local Counsel for Plaintiff