UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT PELUSI,

       Plaintiff,                      Civil Action No. 04-12236-RGS

      v.

NATIONAL RAILROAD
PASSENGER CORP. (AMTRAK),

       Defendant.

PLAINTIFF'S RESPONSE WITH MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

Plaintiff, Robert Pelusi, has brought the above-captioned action as a result of injuries he suffered while employed as a red cap for Defendant, National Railroad Passenger Corp. (Amtrak). Mr. Pelusi suffered a heart attack on or about November 3, 2001, after having to struggle to lift and rush to transport the excessively heavy bags of a passenger who had arrived very late to catch his train.

Defendant, Amtrak, is liable for these injuries under the Federal Employer's Liability Act, for failing to provide a safe work environment to Mr. Pelusi, which resulted in him being injured.

## II.    FACTUAL SUMMARY

Robert Pelusi was injured on November 3, 2001, while working at Amtrak's South Station in Boston, Massachusetts. On that day, Plaintiff was working as a red cap, a job he had held since approximately August of 2001. (Exhibit 1, Plaintiff's deposition,

page 50). Plaintiff testified in his deposition that on the morning of the incident in question, he recalled a passenger arriving very late to catch his train. Plaintiff stated that this passenger's bags were extremely heavy. Plaintiff struggled to quickly lift and transport the passenger's bags down to the train by himself as there was no one nearby to help him, and there was no time to wait. Plaintiff was made to rush to ensure the passenger made it to his train in time. (Exhibit 1, Plaintiff's Deposition, pages 9 & 21-22).

Immediately after assisting this passenger, Plaintiff testified that he was sweating badly, and that that he went to the supervisor's office for a drink of water. Certain of his co-workers became concerned for Plaintiff's health and called 911. (Exhibit 1, Plaintiff's Deposition, pages 9-10). Plaintiff was transported to the hospital and was informed he had suffered a heart attack, for which Plaintiff underwent angioplasty. In a narrative report dated March 8, 2006, Dr. Jack F. Berg opined that Plaintiff "did have a heart attack 11/3/01 precipitated by carrying heavy baggage at work." (Exhibit 1, Plaintiff's Deposition, page 14; Exhibit 3, Records of Dr. Berg).

Due to his injury, Robert Pelusi has been has been awarded a disability retirement by the Railroad Retirement Board. In his narrative report, Dr. Berg further opined that with Plaintiff's "underlying coronary artery disease strenuous labor has already been shown to provoke a heart attack and this would be a distinct danger to him if he was again placed under these circumstances." (Exhibit 1, Plaintiff's Deposition, pages 74-75; Exhibit 3, Records of Dr. Berg).

**III.   ARGUMENT**

Rule 56(c) of the Federal Rules of Civil Procedure is controlling with regard to Defendant's Motion for Summary Judgment.  In pertinent part, Rule 56(c) states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), F.R.C.P.

The Court must view all inferences in a light most favorable to the non-moving party.  Continental Insurance Company v. Bodie, 682 F. 2d 436 (3rd Cir. 1982).  The Court must resolve all doubts against the moving party.  Gans v. Mundy, 762 F. 2d 338 (3rd Cir.), cert denied, 106 S. Ct. 537 (1985).  The Court must take as true all allegations of the non-moving party that conflict with those of the movant.  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505 (1986).

This is a personal injury action brought pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51, et seq.  This is a federal statute enacted by the United States Congress that applies solely to railroads.  It permits an injured railroad worker to bring a lawsuit against the employing railroad for full damages, including economic loss, physical and mental pain and suffering, and loss of enjoyment of life.  The FELA applies to all railroads engaged in interstate commerce.  As a worker covered by the FELA, Mr. Pelusi is not entitled to recover under state workers' compensation law.  Rather, his only recourse to file suit under the FELA.

Congress and the United States Supreme Court have, over the years, consistently stated the purpose of the FELA is to protect and benefit railroad employees injured on the job. The FELA is to be liberally construed to allow railroad workers, such as Robert Pelusi, who are injured in the course of their employment to recover from the railroad even where the railroad's negligence is minimal. Rodriguez v. Deloroy Connecting Railroad Company, 473 F. 2d 819 (6th Cir, 1973). Amtrak was required to provide Robert Pelusi with a safe place to work on November 3, 2001. This duty is a non-delegable and affirmative duty. Ellis v. Union Pacific Railroad Company, 329 US 649 (1947). Therefore, Defendant had a positive obligation to provide Robert Pelusi with a safe place to work, including finding any defect or hazard which would normally be revealed within the workplace. Williams v. Atlantic Coastline Railroad Company, 190 F. 2d 744 (5th Cir. 1951).

The inquiry in an FELA case rarely presents for practical purposes more than a question of whether the negligence of the railroad or its supervisors or its foremen or its employees played any part, however small, in causing the Plaintiff's personal injuries. The question becomes simply whether the evidence justifies with reason the conclusion that Amtrak's negligence played any part, even the slightest, in causing Robert Pelusi's personal injuries for which the Plaintiff seeks damages. Rogers v. Missouri Pacific Railroad Company, 352 US 500 (1957).

Plaintiff's burden of proof in an FELA case is much less than is required for a plaintiff to sustain a recovery in an ordinary negligence action brought under state tort law. Boeing Company v. Shipman, 411 F.2d 65 (11 Cir.1969). Plaintiff does not have to prove that Defendant's negligence was a substantial contributing factor in causing

Plaintiff's injuries. Rather, in an FELA case, Plaintiff is only required to prove that the railroad's negligence, in whole or in part, caused or contributed to Plaintiff's injuries. The obvious purpose of the FELA is to enlarge the remedy of railroad workers injured as a result of the hazards in their workplace. Metropolitan Coal Company v. Johnson, 265 F. 2d 173 (1st Cir. 1959). Due to the unique nature of the FELA, the Plaintiff does not need to provide a liability witness to sustain a claim. Stevens v. New Jersey Transit, 356 N.J. Super. 311 (2003).

In an FELA case, Summary Judgment on the issue of negligence is appropriate "only in those extremely rare instances where there is a zero probability either of employer negligence or that any such negligence contributed to the injury of an employee." Hines v. Consolidated Rail Corporation, 926 F. 2d 262, 268 (3rd Cir. 1991) (quoting Pehowic v. Erie Lackawanna Railroad Company, 430 F. 2d 697, 699-700 (3rd Cir. 1970).

The right to trial by jury is part and parcel of the remedy granted railroad workers under the FELA. A trial judge must submit an FELA case to the jury when there is even the slightest evidence of negligence. Harbin v. Burlington Northern RR Co., 921 F. 2d 129, 131 (7th Cir. 1990). Dean Prosser has written that under this test, jury verdicts for a railroad employee can be sustained upon evidence which would not be sufficient in an ordinary negligence action. Prosser, Torts (4th Ed. 1971) Section 80, p.536. "To deprive railroad workers of the benefit of a jury trial in close or doubtful cases is to take away a goodly portion of the relief which Congress has afforded them." Bailey v. Central Vermont Railroad Company, 319 U.S. 350, 354 (1943). Thus, the "quantum of evidence

required to establish liability in an FELA case is much less than in an ordinary negligence case." Kapsis v. PATH, 313 N.J. Super 395, 403 (1998).

Foreseeability is an ingredient of negligence under the FELA, but actual notice is unnecessary and constructive notice will suffice. Nivens v. St Louis S.R. Co., 425 F.2d 114 (5th Cir. 1970); cert. denied, 400 U.S. 879. The railroad's duty is measured by what a reasonably prudent person should or could have reasonably anticipated as occurring under like circumstances. Davis v. Burlington Northern Inc., 541 F.2d 182 (8th Cir. 1976); cert. denied, 429 U.S. 1002. Therefore, under the FELA, the railroad is liable if they knew, or by the exercise of due care, should have known of the danger of risk to the employee. The railroad's duty is not limited to anticipating dangers of which it knows, but the railroad must also anticipate dangers which reasonably it should have known. See Chicago & N.W.R. Co. v. Rieger, 326 F.2d 329 (8th Cir. 1964); cert. denied, 377 U.S. 917.

Clearly, Plaintiff has established negligence on the part of Amtrak. It is well documented and known by Amtrak that Plaintiff was initially hospitalized for heart surgery in 2000. He was out of work for several months, but was ultimately released to return to his work at that time *as a baggage handler* without restrictions. (emphasis added). (Exhibit 1, Plaintiff's Deposition, pages 18 & 77; Exhibit 3, Records of Dr. Berg). Plaintiff testified that he did in fact return to his work as a baggage handler following his initial heart surgery in 2000, and worked in that position without difficulty. He bid for and became a temporary red cap in approximately August of 2001. (Exhibit 1, Plaintiff's Deposition, pages 18 & 49-50).

Amtrak's lifting requirements for red caps were arguably not the same as those for baggage men. Plaintiff testified in his deposition that he believed, when he took the position of temporary red cap, that the lifting requirements were the same. However, at Plaintiff's deposition, Defense counsel produced a copy of Defendant's job description requiring red caps to lift and carry passenger bags from 50 to 200 pounds. (Exhibit 1, Plaintiff's Deposition, pages 25-27 & 50-51; Exhibit 2, Amtrak's Qualifications for Red Caps).

Irregardless of what the lifting requirements for red caps might have been on paper at the time Plaintiff was permitted to take the red cap position, Plaintiff testified that as a red cap, he was instructed to take the customers' bags and get them on their trains on time, and that he did not recall anyone ever training him or telling him that red caps can or should wait for help if passengers have bags of excessive weight. (Exhibit 1, Plaintiff's Deposition, pages 25, 53 & 62-63; Exhibit 2, Amtrak's Qualifications for Red Caps).

Plaintiff further testified that in his position as red cap, he often had to run to the trains with passengers, and that he was told to do the best you can to get passengers onboard in time, and you don't want to let them miss their trains. (Exhibit 1, Plaintiff's Deposition, pages 25, 53 & 62-63).

Plaintiff further testified that in his position as red cap, he was made to lift excessively heavy bags for passengers, and that he estimates the bags he carried for a certain passenger immediately prior to the incident in question weighed over 100 pounds apiece. Plaintiff further testified that Defendant does not require passengers to weigh

their baggage before the red caps handle it, and that there is no scale available. (Exhibit 1, Plaintiff's Deposition, pages 21-22, 25 & 62).

Amtrak has not met its burden to establish the absence of genuine issues of material fact. The issue of negligence is proper for a jury since the facts justify a reasonable inference of employer negligence and/or the facts give equal support to inconsistent inferences. <u>Gallick v. Baltimore and Ohio Railroad Company</u>, 342 US 108 (1963). The just must be able to determine Amtrak's negligence and/or Plaintiff's contributory negligence. Under the FELA, a Plaintiff can be 99% contributorily negligent and still be entitled to receive damages.

A jury must determine the factual question whether Amtrak failed to provide Robert Pelusi with a safe place to work on November 3, 2001. A jury must determine the factual question of whether Amtrak was negligent in permitting Plaintiff, who was known to be at risk for heart attack, to work as a red cap following his initial heart surgery, and/or in causing red caps to have to hurry and rush to try to prevent late arriving passengers from missing their trains, and/or in causing red caps to have to lift excessively heavy baggage, and/or in having no controls in place to assess the weight of passengers' baggage, etc. A jury must determine the factual questions whether or not Amtrak was negligent through the actions or inactions of its personnel in creating unsafe and dangerous condition(s) for Plaintiff.

## IV.   CONCLUSION

Based on the forgoing analysis, Defendant's Motion for Summary Judgment should be denied as Defendant has failed in its burden. Plaintiff has presented sufficient evidence under the FELA to proceed to trial. A jury must be permitted to consider the

issues of negligence, as they are genuine issues of material fact.  Plaintiff respectfully requests oral argument.

      WHEREFORE, Plaintiff, Robert Pelusi, respectfully requests this Honorable Court to enter an Order denying Defendant's Motion for Summary Judgment.

          Respectfully submitted,
          Plaintiff,
          Robert Pelusi
          By his counsel


           /s/ Thomas J. Joyce, III
          THOMAS J. JOYCE, III, ESQUIRE
          Hannon & Joyce
          900 Centerton Road
          Mount Laurel, NJ 08054
          (856) 914-0220
          tjoyce@hannonandjoyce.com


          /s/ Michael J. McDevitt
          MICHAEL J. McDEVITT, ESQUIRE
          Lawson & Weitzen, LLP
          88 Black Falcon Avenue, Suite 345
          Boston, MA 02110
          (617) 439-4990
          mmcdevitt@lawson-weitzen.com


DATED: March 29, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

ROBERT PELUSI,

       Plaintiff,                      Civil Action No. 04-12236-RGS

      v.

NATIONAL RAILROAD
PASSENGER CORP. (AMTRAK),

       Defendant.

_____

CERTIFICATE OF SERVICE

I, Michael J. McDevitt, Esquire, hereby certify that I forwarded and e-filed through the ECF system, a true and correct copies of Plaintiff's Response with Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Response in Opposition to Defendant's Statement of Material Facts with accompanying Exhibits, to Stephen E. Hughes, Esquire, attorney for Defendant, Amtrak, VIA hand delivery and ECF system which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicted as non-registered participants, on this <u>29th</u> day of March, 2006.

        /s/ Michael J. McDevitt, Esq/anm
        _____
        MICHAEL J. McDEVITT, ESQUIRE