UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT PELUSI | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04 12236 RGS |
| | ) | |
| NATIONAL RAILROAD | ) | |
| PASSENGER CORPORATION | ) | |
| Defendant. | ) | |

## DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION FOR RECONSIDERATION

Defendant, National Railroad Passenger Corporation ("Amtrak"), herewith moves the Court to reconsider part of its ruling issued June 15, 2006 which stated the following: "Order entered granting in part and denying in part [13] Motion for Summary Judgment. Consistent with the court's ruling on the record at the hearing, the motion is ALLOWED as to any claim based on the Boiler Inspection Act, the Safety Appliances Act, and as to any claim of foreseeability based on plaintiff's prior medical condition. The motion is DENIED as to whether Amtrak had a duty to employees in Mr. Pelusi's position to safeguard against the type of harm that he alleges he suffered as a result of his working conditions. Trial is scheduled to commence on October 2, 2006 at 9 a.m." In particular, Amtrak moves the Court to rescind its order scheduling trial of this civil action. As grounds there for, Amtrak notes that the Court's determination that Plaintiff Robert Pelusi ("Plaintiff") cannot prove foreseeability shows that Plaintiff cannot prove one of the essential elements of a negligence claim and therefore cannot prove a claim under the Federal Employer's Liability Act ("FELA").

Furthermore, pursuant to a Supreme Court decision, claims that employer negligence caused stress, including heart attacks, cannot prevail unless the injury involved physical impact or fear of imminent harm while being in the "zone of danger." Consolidated Rail Corporation v. Gottshall, 512 U.S. 532 (1994). This argument was not previously briefed because it was identified only a few hours before the summary judgment hearing on June 15, 2006. As a result, it will be succinctly described herein as an alternative basis for dismissing Plaintiff's claim.

I.    **THE COURT'S FINDING THAT THE PLAINTIFF'S HEART ATTACK WAS NOT FORSEEABLE BARS A NEGLIGENCE CAUSE OF ACTION REGARDLESS OF DUTY**

This Court's decision on Amtrak's Motion for Summary Judgment bars any "claim of foreseeability based on plaintiff's prior medical condition." This part of the Court's Order necessarily serves as the death knell for Plaintiff's Complaint and requires that it be dismissed in its entirety. Foreseeability of harm is a required element of negligence. *See* W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS 280 (West Publishing Co. 1984) (1941). "If one could not reasonably foresee any injury as the result of one's act . . . there would be no negligence, and no liability." *Id.*

More importantly, the First Circuit has specifically held that foreseeability is a required element of a FELA claim, stating that, "Plaintiffs are still required to prove the traditional common law elements of negligence: duty, breach, *foreseeability*, and causation." Robert v. Consol. Rail Corp., 832 F.2d 3, 6 (1st Cir. 1987) (Summary judgment affirmed for defendant railroad *solely* because it could not foresee that harassment of Plaintiff would cause him to suffer a heart attack). [emphasis added] Similarly, in Moody v. Boston & Maine Corp., the United States District Court for the District of Massachusetts granted summary judgment to the defendant *solely* because the plaintiff was unable to show that the defendant railroad "knew or

2

should have known that the alleged stress on the job would cause Mr. Moody to suffer a heart attack." 1990 U.S. Dist. LEXIS 777, *3 (D. Mass. 1990)

In light of the Court's finding that Amtrak could not have foreseen Plaintiff's heart attack, it is immaterial whether Amtrak had a particular duty of care, or breached that duty. See Roberts *supra* at 6. Rather, the Court should dismiss the entire civil action because Plaintiff cannot prove one of the *essential* elements of a FELA claim.

## II.    PLAINTIFF'S HEART ATTACK WAS NOT CAUSED BY PHYSICAL IMPACT OR BY IMMEDIATE RISK OF PHYSICAL HARM WHILE IN THE "ZONE OF DANGER" AND IS THEREFORE NOT COMPENSABLE UNDER FELA

An alternative basis for granting summary judgment on the FELA claim is that Plaintiff cannot prove Amtrak's allegedly negligent conduct caused Plaintiff's heart attack due to physical impact, or by being placed in immediate risk of physical harm while in the "zone of danger."

In 1994, the Supreme Court rule upon the appeals of two cases decided by the Third Circuit Court of Appeals in which the defendant railroad was found liable for the physical and emotional injuries to two of its workers. Consol. Rail Corp. v. Gottshall and Carlisle, 512 U.S. 532 (1994). In the Gottshall case, the plaintiff was a railroad worker who was working on a crew to replace a section of track on a very hot day during which the crew lacked radio contact with the company. Id. at 535-536. One of his close friends, also working on the same crew, collapsed twice and died despite Mr. Gottshall's efforts to revive him through CPR. Id. Conrail's supervisor required the crew to continue working while waiting for an ambulance to remove the body of Mr. Gottshall's friend. Id. This experience was so traumatic that Mr. Gottshall spent three weeks in a psychiatric institution, lost a great deal of weight, and suffered from nausea, insomnia, nightmares, cold sweats, suicidal ideation and other symptoms, including clinical depression. Id.

3

In <u>Carlisle</u> the plaintiff was a trainmaster who was required to work long hours, while short-handed, and subjected to a high level of stress. <u>Id.</u> at 539. Mr. Carlisle eventually suffered a nervous breakdown, substantial weight loss, insomnia, headaches, and long term depression after being required to work 12-15 hour shifts for fifteen consecutive days. <u>Id.</u>

In evaluating these two claims, the Supreme Court determined that plaintiffs may recover under FELA for negligent infliction of emotional distress only under certain limited circumstances. Specifically, the court required that an employee's emotional injury must have been caused by experiencing physical impact or fear of physical injury caused by the employer's conduct while the employee was within the zone of danger of such physical impact. <u>Id.</u> Under this test, "a worker within the zone of danger of physical impact will be able to recover for emotional injury caused by fear of physical injury to himself, whereas a worker outside the zone will not." <u>Id.</u> at 556.

Under this legal standard, the Supreme Court reversed the Third Circuit's decision in <u>Carlisle</u>, finding that Mr. Carlisle's "claim clearly does not fall within the common law's conceptions of the zone of danger." <u>See</u> <u>id.</u> at 558. The Supreme Court also reversed the <u>Gottshall</u> case, remanding it to determine whether Mr. Gottshall's claim could pass the zone of danger test, an issue which was not adequately briefed by the parties before the Supreme Court. <u>Id.</u> at 557-558.

Significantly, the Supreme Court extended this opinion to broadly state that FELA does not provide compensation to employees for the stress they experience in the normal course of their employment. <u>Id.</u> It further noted that FELA does not "cover the stresses and strains of everyday employment," and does not "make railroads the insurers of the emotional well-being and mental health of their employees." <u>See</u> <u>id.</u> at 554.

The Supreme Court justified this strict limitation on recovery for such damages on public policy grounds. Id. at 557. In particular, it noted that the "zone of danger" test prevents "the potential for a flood of trivial suits, the possibility of fraudulent claims that are difficult for judges and juries to detect, and the specter of unlimited and unpredictable liability." Id.

With respect to Gottshall, on remand, the Third Circuit applied the new legal standard and found that "Gottshall was not within the zone of danger because Conrail's negligence threatened him neither with the threat of physical impact nor with the threat of physical harm." Gottshall v. Consolidated Rail Corp., 56 F.3d 530, 536 (3rd Cir. 1995). In reaching this decision, the Third Circuit noted that the train crew was working in oppressively hot conditions during which there was no radio contact with Conrail's base. Id. at 535. Nonetheless, it found that the conditions under which Mr. Gottshall and the rest of his crew were working fell within those in which Conrail crews were expected to work. Id. The court further stated that, "we simply do not view the physical working conditions to be extreme and dangerous enough as to place this plaintiff in immediate risk of physical harm." Id.

Since 1994, federal courts have uniformly denied heart-related FELA claims based on the zone of danger test established in Gottshall. See Keith v. Consol. Rail Corp., 967 F. Supp. 948, 950 (E.D. Mich. 1996) (summary judgment granted to railroad because carman (mechanic), who lacked sufficient help and proper tools, had a heart attack from too much work, not work that was too dangerous, and therefore failed the zone of danger test); Hayden v. Consol. Rail Corp., 1995 U.S. Dist. LEXIS 21745, *14 (N.D. Ohio 1995), aff'd, 1999 U.S. App. LEXIS 22802 (6th Cir. 1999), cert denied, 527 U.S. 1036 (1999) (summary judgment granted to railroad because conductor, whose heart attack was caused by "the cumulative effect of excessive duties and hours of work," failed the zone of danger test); Capriotti v. Consol. Rail Corp., 878 F. Supp. 429,

433 (N.D.N.Y. 1995) (summary judgment granted to railroad because yardmaster, who worked short-handed for long hours, with erratic scheduling, and in stressful conditions, failed to prove his injuries arose from being within the zone of danger); <u>Dennis v. Consol. Rail Corp.</u>, 1994 U.S. Dist. LEXIS 12710 (E.D.Penn.) (summary judgment granted to railroad on claims handler's work-related stress claim that her physical injuries worsened due to the excessive amount of time she had to spend at her computer and her employer's failure to provide her with sufficient assistance, because her injuries resulted from too much, not too dangerous, work); <u>Syzmanski v. Columbia Transp. Co.</u>, 154 F.3d 591 (6th Cir. 1998) (summary judgment affirmed for defendant under the Jones Act, using FELA precepts, because a conveyorman involved in unloading ships who suffered heart attacks was unable to prove that his injury was caused by dangerous work, rather than too much work).

As this case law history illustrates, subsequent to the issuance of the <u>Gottshall</u> decision, no plaintiff has prevailed in federal court by alleging that his heart attack was compensable under FELA. Furthermore, Amtrak's intensive research has been unable to find a single published decision in any federal jurisdiction concerning heart attacks brought under FELA in the last eight years, further suggesting a general recognition that heart attack claims are not cognizable under FELA.

Plaintiff's heart attack claim should fare no better than the heart attack decisions mentioned above. He may try to suggest that <u>Gottshall</u> and its progeny concern claims of negligent infliction of emotional distress, whereas his own claim concerns physical damage to his heart. However, this argument is unavailing. Although it is true that <u>Gottshall</u> involved a claim of negligent infliction of emotional distress, the decision spoke clearly and broadly about

how FELA does not provide compensation to employees for the stress they experience in the normal course of their employment.

This theme was followed by the Michigan federal court in <u>Keith</u>. 967 F.Supp. at 948-949. In that instance, the plaintiff merely sought damages for the physical heart attack he alleged was caused by the railroad's negligence. <u>Id.</u> Yet the court denied his claim because overexertion and stress caused his heart attack and such injuries are not covered by FELA. <u>See id.</u>

Likewise, in <u>Szymanski,</u> the plaintiff couched his claim in terms of negligence and physical injury to distinguish his circumstances from those of defendant Carlisle in <u>Gottshall</u>. 154 F.3d at 594-595. Nonetheless, the Sixth Circuit rejected this claim, finding that the employee's heart attack was caused by arduous physical labor and too much pressure due to the incompetence of his colleague, such that his injury was caused by work that was too extensive, not too dangerous. <u>Id.</u>

Similar to all of the above-mentioned claimants, Mr. Pelusi contends that that the stress caused by racing to the train to get the passenger's luggage on board in time, without adequate assistance, caused his heart attack. He does not claim that he suffered a back, arm, shoulder, or any other physical injury from lifting the bags. Plaintiff does not claim that he collapsed from lifting a bag that was too heavy. Rather, he walked all the way back into the station where the stress from his exertions triggered his heart attack. In such circumstances, <u>Gottshall</u> and its heart attack case progeny control.

## III.    CONCLUSION

In conclusion, this Court should reconsider its ruling allowing trial to go forward for two reasons. First, summary judgment for the entire case should be granted to Amtrak because

foreseeability is a required element of a FELA claim and this Court has already officially found that Plaintiff cannot prove his heart attack was foreseeable by Amtrak.

Second, and alternatively, this Court should follow Gottshall and its progeny and recognize that this claim is essentially one which alleges that workplace stress caused his heart attack. Since Plaintiff cannot meet the requirements of the zone of danger test, his claim is not compensable under FELA and summary judgment should be granted to Amtrak.

WHEREFORE, Amtrak moves that this honorable Court reconsider its recent decision and grant summary judgment to Amtrak on all claims brought by Plaintiff.

Respectfully submitted,
DEFENDANT,
National Railroad Passenger Corporation,
by its attorneys,


DATED:  June 27, 2006            s/Stephen E. Hughes
                                 John A. Kiernan, BBO #271020
                                 Stephen E. Hughes, BBO #629644
                                 Bonner Kiernan Trebach & Crociata, LLP
                                 One Liberty Square - 6th Floor
                                 Boston, MA 02109
                                 (617) 426-3900

### CERTIFICATE OF SERVICE

I, Stephen E. Hughes, hereby certify that, on June 27, 2006, I served a copy of the foregoing document by sending same by first class mail, postage prepaid, to counsel for each other party as follows:

Plaintiff's Counsel:
Thomas J. Joyce, III, Esq.
Hannon & Joyce
The Public Ledger Building – Suite 1000
150 S. Independence Square West
Philadelphia, PA 19106

8

Plaintiff's Local Counsel:
Michael J. McDevitt, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Ave., Suite 345
Boston, MA 02210

s/Stephen E. Hughes
Stephen E. Hughes