IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT PELUSI,

      Plaintiff,                       Civil Action No. 04-12236-RGS

     v.

NATIONAL RAILROAD
PASSENGER CORP. (AMTRAK),

      Defendant.

## PLAINTIFF'S TRIAL MEMORANDUM

The Plaintiff, Robert Pelusi, by and through his attorneys, Thomas J. Joyce, III, and Michael J. McDevitt, submits Plaintiff's Trial Memorandum as follows:

1.    FACTUAL SUMMARY:

This is a personal injury action brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. Section 51, et seq. Robert Pelusi, whose date of birth is September 28, 1946, is presently age 60. Plaintiff, Robert Pelusi, has brought the above-captioned action as a result of a heart attack that he suffered while employed as a red cap for Defendant, National Railroad Passenger Corp. (Amtrak). Specifically, Mr. Pelusi suffered a heart attack on or about November 3, 2001, while working at Amtrak's South Station in Boston, Massachusetts. On that day, Plaintiff was working as a red cap, a job he had held since approximately August of 2001. On the morning of the incident in question, a passenger arrived very late to catch his train. Plaintiff noted that this passenger's bags were extremely heavy. Plaintiff struggled to quickly lift and transport the passenger's bags down to the train by himself as there was no one nearby to help him, and there was no time to wait. Immediately after

assisting this passenger, Plaintiff felt as if bricks had fallen on his chest and he began to sweat badly. Plaintiff went to the supervisor's office. Certain of his co-workers became concerned for Plaintiff's health and called 911. EMTs treated Plaintiff at the station and transported him to the hospital. Plaintiff was informed he had suffered a heart attack, for which Plaintiff underwent angioplasty. Plaintiff has not returned to work at Amtrak since November 3, 2001.

Mr. Pelusi is permanently disabled from his railroad occupation as a result of his heart attack. Plaintiff has lost wages from November 3, 2001 to present. All aspects of Plaintiff's life have been greatly impacted. Robert Pelusi has sustained pain and suffering, inconvenience and loss of enjoyment of life, as well as lost wages.

2.   STATEMENT OF LAW:

This personal injury action was brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51 et seq. Specifically, the FELA states, in pertinent part:

> Every common carrier by railroad while engaging in commerce between any of the states and territories, or between the District of Columbia and any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier, in such commerce, or in case of death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, road bed, works, boats, wharves, or other equipment.
>
> Any employee of a carrier, any part of whose duties as such employee shall be in the furtherance of interstate commerce; or shall, in any way, directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this Act be considered as being employed by such carrier, in such commerce, and shall be considered as entitled to the benefits of this Act and of an Act entitled "An Act related to the liability of common carriers by railroad to their employees in certain cases". (App'd April 22, 1908) [45 U.S.C. Secs. 51 et seq.] as the same has been or may hereafter be amended (emphasis added).

45 U.S.C. Sec. 51.

The FELA was enacted by the United States Congress in 1908. Congress and the United States Supreme Court have, over the years, consistently stated the purpose of the FELA is to protect and benefit railroad employees injured on the job. The FELA is to be liberally construed to allow railroad employees, such as Robert Pelusi, injured in the scope of their employment to recover from the railroad even where the railroad's negligence is minimal. Rodriguez v. Deloroy Connecting Railroad Company, 473 F. 2d 819 (6th Cir. 1973).

This duty to provide a safe place to work was non-delegable and could not be passed on by the railroad to any person, firm or corporation. Bailey v. Central Vermont Railway Company, 319 U.S. 350 (143). Not only is this duty to provide a safe place to work a non-delegable one, but it is also an affirmative one. This means that Amtrak had a positive obligation to provide Robert Pelusi with a safe place to work, including finding any defect or hazard which would normally be revealed within the work place. Williams v. Atlantic Coastline Railroad Company, 190 F. 2d 744 (5th Cir. 1951).

Plaintiff's burden of proof in an FELA case is much less than is required for a plaintiff to sustain a recovery in an ordinary negligence action brought under common law. Boeing Company v. Shipman, 411 F. 2d 65 (11th Cir. 1969). The obvious purpose of the FELA is to enlarge the remedy of railroad employees injured as a result of the hazards in their work place. Metropolitan Coal Company v. Johnson, 265 F. 2d 173 (1st Cir. 1959).

If Plaintiff's personal injuries were caused or contributed to, in whole or in part, by the negligent acts or omissions of a fellow employee, foreman, supervisor, or agent of the railroad, then the railroad is responsible for the negligent actions or omissions of the fellow employee, foreman, supervisor or agent. Sinkler v. Missouri Pacific Railway Company, 356 US 326

(1958); Seaboldt v. Pennsylvania Railroad Company, 290 F. 2d 296 (3rd Cir. 1961). The negligence of a supervisor, foreman, employee or agent of the railroad is imputed to Defendant under the FELA.

                                   Respectfully submitted,

                                   *s/Thomas J. Joyce, III*
                                   THOMAS J. JOYCE, III, ESQUIRE
                                   Law Office of Thomas J. Joyce, III
                                   900 Centerton Road
                                   Mount Laurel, NJ 08054
                                   (856) 914-0220
                                   Attorney for Plaintiff

                                   MICHAEL J. McDEVITT, ESQUIRE
                                   Lawson & Weitzen
                                   88 Black Falcon Avenue, Suite 345
                                   Boston, MA 02110
                                   (617) 439-4990
                                   Local Counsel for Plaintiff

DATED: January 30, 2007

CERTIFICATE OF SERVICE

I, THOMAS J. JOYCE, III, hereby certify that I electronically filed the foregoing Plaintiff's Trial Memorandum with the Clerk of Court using the ECF system, which sent notification of such filing to Stephen E. Hughes, Esquire, attorney for Defendant, Amtrak. SO CERTIFIED this 30th day of January 2007.

                                            *s/Thomas J. Joyce, III*
                                            THOMAS J. JOYCE, III, ESQUIRE