IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

ROBERT PELUSI,

               Plaintiff,                  Civil Action No. 04-12236-RGS

     v.

NATIONAL RAILROAD
PASSENGER CORP. (AMTRAK),

               Defendant.

_____


<u>PLAINTIFF'S JURY INSTRUCTIONS</u>

The Plaintiff, Robert Pelusi, by and through his attorneys, Thomas J. Joyce, III, and Michael J. McDevitt, requests the following Points for Charge:


**POINTS FOR CHARGE NO. 1:**

Under the law and evidence, your verdict must be in favor of Plaintiff, Robert Pelusi, and against the Defendant, National Railroad Passenger Corporation (Amtrak), if you find that Amtrak was negligent in failing to provide Robert Pelusi with a safe place to work.

**POINTS FOR CHARGE NO. 2:**

This is not a criminal case in which the burden is to prove a case beyond any reasonable doubt.  Rather, as in all civil cases, the burden on the Plaintiff is simply to prove his case by the fair weight or preponderance of the evidence.

Burch v. Reading Co., 240 F2d 574 (3rd Circ. 1957) cert. denied. 353 U.S. 965, 77 S.Ct. 1049, 1 L.Ed. 914 (1957); United States v. Fabrizio, 193 F.Supp. 446 (DC, DE, 1961).

**POINTS FOR CHARGE NO. 3:**

Perhaps the easiest way for you to understand the concept of burden of proof in a civil case, the proof of a case by the fair weight of the evidence, is this: That you consider all the evidence in the case and you ask yourselves: Is it more probable than not that the Plaintiff is entitled to win? If you say yes, it is more probable than not that the Plaintiff should win, then the Plaintiff should win.

<u>Burch v. Reading Co</u>., supra; <u>U.S. v. Fabrizio</u>, supra.

**POINTS FOR CHARGE NO. 4:**

Both the Plaintiff and the Defendant in this matter have agreed that at the time and place alleged in the Complaint, the Defendant was a common carrier by the railroad, engaged in interstate commerce. The Plaintiff and the Defendant in this matter have further agreed that the Plaintiff was then an employee of the Defendant, engaged in such commerce, and that the Plaintiff's right to recovery in this case is governed by the provisions of "The Federal Employers' Liability Act" (FELA).

Shenker v. Baltimore & O.R. Co., 374 U.S. 1, 10 L.Ed. 2d 709, 83 S.Ct. 1667 (1963).

**POINTS FOR CHARGE NO. 5:**

Specifically, the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec.

51, states, in pertinent part:

Every common carrier by railroad while engaging in commerce between any of the states and territories, or between the District of Columbia and any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier, in such commerce, or in case of death of such employee, to her or her personal representative for the benefit of the surviving widow or husband and children of such employee; and if none, then of such employee's parents; and if none, then of the next of kin dependent upon such employee for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier.

Any employee of a carrier, any part of whose duties as such employee shall be in the furtherance of interstate commerce; or shall, in any way, directly or closely and substantially, affect such commerce as above set forth shall, for the purpose of this Act be considered as being employed by such carrier, in such commerce, and shall be considered as entitled to the benefits of this Act and of an Act entitled, "An Act related to the liability of common carriers by railroad to their employees in certain cases."

(App'd April 22, 1908) [45 U.S.C. Secs. 51 et seq.] as the same has been or may hereafter be amended  (emphasis added).

45 U.S.C. Sec. 51.

**POINTS FOR CHARGE NO. 6:**

Negligence is the breach of a standard of care due the Plaintiff, where a reasonable man (or railroad) could foresee that the breach thereof would cause harm to the Plaintiff.

Restatement (Second) Torts, Secs. 289.

**POINTS FOR CHARGE NO. 7:**

Negligence can consist of either doing something that a reasonably careful person (or railroad) would not have done under those circumstances or it may consist of failing to do something which a reasonably careful person (or railroad) would do under those circumstances.  As applied in the railroad context, what this means is that the Defendant railroad was under an obligation to provide Plaintiff with a reasonably safe place to work, proper equipment, and to use reasonable care to avoid doing injury.

Rediker v. Chicago, Rock Island & Pacific R. Co., 571 P2d 70, 1 Kan.App. 2d 581, cert. denied. 435 U.S. 982, 98 S.Ct. 1635, 56 L Ed.2d 76 (1977).

**POINTS FOR CHARGE NO. 8:**

Under the FELA, the Defendant, Amtrak, had an affirmative non-delegable duty and must use reasonable care to furnish Robert Pelusi with a safe place to work and provide him with safe working conditions.

This duty cannot be passed on to any person, firm or corporation.  Bailey v. Central V.R. Inc., 319 U.S. 350, 87 L.Ed. 1444, 63 S.Ct. 1062 (1943) and Ellis v. Union P.R. Co., 329 U.S. 649, 91 L.Ed. 572, 67 S.Ct. 598 (1947).  This duty to provide a safe place to work is an affirmative one.  This means that the Defendant, Amtrak, had the positive obligation to provide Robert Pelusi with a safe place to work and to find any defect or hazard which would normally be revealed.  Williams v. Atlantic Coastline Railroad Company, 190 F.2d 744 (5th Cir. 1951).  Accordingly, if you find under all the circumstances of this case that Amtrak was unreasonable in not providing Robert Pelusi with a safe place to work and that his injuries were caused, in whole or in part, by such failure, then you must find for Plaintiff, Robert Pelusi, and against Defendant, Amtrak.

**POINTS FOR CHARGE NO. 9:**

The test of a jury case, under the FELA, is simply whether the proofs justify with reason the conclusion that employer negligence played <u>any part,</u> <u>even the slightest</u>, in producing injury for which damages are sought.

<u>Rogers v. Missouri P.R.Co.</u>, 352 U.S. 500, 1 L.Ed 2D 493, 77 S.Ct. 443 (1957).

**POINTS FOR CHARGE NO. 10:**

The FELA is to be construed liberally to allow employees injured in the course of their employment to recover even where the negligence of the employer is minimal, Rodriquez v. Deloroy Connecting Railroad, 473 F.2d 819 (6th Cir. 1973) and the FELA must be construed liberally to fulfill the purpose for which it was enacted. Batton v. Atlantic Coast Line Railroad Co., 211 NC 256, 193 SE 674, cert. denied. 303 U.S. 651, 58 S.Ct. 780, 82 L.Ed. 1112 (1937). The railroad has a duty and must provide trains, cars, equipment, tools, machinery and appliances and must supply them in a safe condition and maintain them and other property over which the Defendant has control in a reasonably safe and proper condition for their employee's use. St. Louis S.R. Co. v. Green, 552 S.W. 2d 880 (6th Div., TX Civ. App. 1977).

**POINTS FOR CHARGE NO. 11:**

If the Plaintiff's injury is caused or contributed to by the negligent act or omission of a fellow employee, acting in the course of his employment, then the Defendant employer will be responsible for the act of omission of the fellow employee.  Sinkler v. Missouri Pacific R. Co., 356 U.S. 326, 2 L.Ed. 2d 799, 78 S.Ct. 758 (1958); Seaboldt v. Pennsylvania Railroad Company, 290 F. 2d 296 (3d Cir. 1961).

The negligence of a supervisor or foreman or co-worker is imputed to the railroad under the FELA.  Thus, if you find any other Amtrak employee responsible in any way for Robert Pelusi's injuries, then you must find Amtrak negligent.

**POINTS FOR CHARGE NO. 12:**

Under the Federal Employers' Liability Act, the Defendant has a non-delegable duty to provide the Plaintiff with a safe place to work; the duty on the part of the Defendant includes inspection of third party property for hazards and taking precautions to protect the Plaintiff from defects. This duty extends beyond Defendant's premises and extends to equipment which a third party may have primary obligation to maintain. The Defendant has this duty to provide the Plaintiff with a safe place to work, with safe equipment and machinery; this is a non-delegable duty and failure to comply with this duty constitutes negligence. Nivens v. St. Louis S.R. Co., 425 F.2d 114, (5th Cir. 1970) cert. denied. 440 U.S. 879, 27 L.Ed. 2d 116, 91 S.Ct. 121; Duncan v. St. Louis S.F.R. Co., 480 F.2d 79, (8th Cir. 1973) cert. denied. 414 U.S. 859, 38 L.Ed. 2d 109, 94 S.Ct. 69; Pyzynski v. Pennsylvania Cent. Transp. Co., 438 F. Supp. 1044 (WD NY 1977).

**POINTS FOR CHARGE NO. 13:**

An employer must make proper tests and inspections to discover dangers in the places where employees must work and after ascertaining their existence must take reasonable precautions for the safety of the employees.  Williams v. ACL, 190 F.2d 744, 748 (5th Cir. 1951).  The employee has the right to rely on the performance of this duty by the employer and govern his acts accordingly and even if precautions are taken for an employee's safety, the employer cannot escape liability if further precautions are possible and reasonable and were not taken.  Boston and M.R.R. v. Meech, (1st Cir., 1946), 156 F.2d 109, cert. denied. 329 U.S. 763, 67 S.Ct. 124, 91 L.Ed. 658.

**POINTS FOR CHARGE NO. 14:**

In this case, you must determine based upon the evidence whether Amtrak was negligent in failing to provide Robert Pelusi with a safe place to work.  In evaluating whether Amtrak was negligent you should consider whether any employees of Amtrak knew or should have known of the condition of Defendant's work environment before Robert Pelusi was injured.

**POINTS FOR CHARGE NO. 15:**

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts, which you find have been proved, such reasonable inferences as seem justified in the light of your experience. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case. Schultz v. Pennsylvania R. Co., 350 U.S. 523, 100 L.Ed. 668, 76 S.Ct. 608 (1956).

**POINTS FOR CHARGE NO. 16:**

You may not diminish the Plaintiff's recovery in any respect in the belief that his injuries resulted from the fact that he was present at a job and in a vicinity where danger existed and injury could occur. In the law, such conscious awareness of danger is called "assumption of the risk". The Supreme Court of the United States has ruled that the defense of assumption of the risk is not available as a defense in suits brought by railroad employees under "The Federal Employers' Liability Act". <u>Blair v. Baltimore & O.R. Co.</u>, 323 U.S. 600, 89 L.Ed. 440, 65 S.Ct. 545 (1945); and <u>Tiller v. Atlantic C.L.R. Co.</u>, 318 U.S. 54, 87 L.Ed. 610, 63 S.Ct. 444, 143 A.L.R. 967 (1943). Accordingly, any subjective awareness of potential danger, perceived by Robert Pelusi is irrelevant in this case.

**POINTS FOR CHARGE NO. 17:**

In the event you are asked to consider the issue of contributory negligence, the Federal Employers' Liability Act specifically provides that "the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee".  45 U.S.C. Sec. 53.  An employee may be more negligent than the railroad and still recover damages under the FELA.

**POINTS FOR CHARGE NO. 18:**

You may not consider assumption of the risk as a defense.  Thus, if you find a knowledgeable acceptance by the Plaintiff of a dangerous condition when such acceptance was necessary for the performance of his duties, you may not consider the fact as a defense in this case.  Rivera v. Farrell Lines, Inc., 474 F.2d 255 (2d Cir. 1973).

You may consider whether contributory negligence is present in this case. Contributory negligence involves the notion of some fault on the part of the Plaintiff.  It has been defined as the failure to use the care for one's safety as would an ordinarily prudent person in similar circumstances.

However, contributory negligence is not assumption of the risk.  You must find some careless act or omission of the Plaintiff, over and above the knowledgeable acceptance of a dangerous condition before you may find contributory negligence. Rivera v. Farrell Lines, Inc., supra.  Thus, if you find that there were two ways in which the Plaintiff could have performed his job, one safe and the other dangerous, and that the Plaintiff selected the dangerous way, then you may find contributory negligence. Louisville and N.R. Co. v. Marill, 211 Ala. 39 (1924); Illinois C.R. Co. v. Skinner's Admix, 177 KY 62 (1917); Southern Pacific Co. v. Lacruz, 228 S.W. 108 (Tex. Co. App. 1921).

**POINTS FOR CHARGE NO. 19:**

Violation of a company rule does not constitute negligence or contributory negligence as a matter of law.  It is for the jury to determine whether there has been a violation of a rule and whether that violation caused the accident.  Rules of a railroad company do not afford the final criteria of negligence and they are not binding upon a Court or jury.  Thomas v. Conemaugh Blacklick Railroad D.C., 133 F. Supp. 533 affirmed (3rd Cir.), 234 F.2d 429.

Violation of a statute ordinance, law or regulation by the Defendant, Amtrak, can constitute a violation of the standard of care owed by the Defendant to the Plaintiff.  Violation of this standard of care is evidence of negligence.  Wood v. Smith, 495 and 601, 603 (1985).  See also Restatement of Torts 2nd, Section 286.

**POINTS FOR CHARGE NO. 20:**

After you consider liability and find liability against Amtrak, you must determine whether Amtrak's negligence, in whole or in part, caused, contributed to or aggravated Robert Pelusi's heart attack.

**POINTS FOR CHARGE NO. 21:**

In this case, you must determine based upon the evidence after you have found liability against Amtrak, what are Robert Pelusi's damages as a result of the heart attack he sustained at work.

**POINTS FOR CHARGE NO. 22:**

The general proposition with respect to damages in our law is that damages are intended to compensate an injured party for the injury sustained, to put the injured party insofar as practicable in the same economic position that he or she would have been in if the accident had not occurred.  Sleeman v. C & O Ry. Co., 290 F. Supp. 817 (DC MI 1968), aff'd in part, vacated in part on other grounds, 414 F.2d 305, on remand 305 F. Supp. 33.

**POINTS FOR CHARGE NO. 23:**

If you find for the Plaintiff, your verdict for the Plaintiff should be returned in a lump sum and should include the following:

(a)    Adequate compensation for Plaintiff's pain, suffering, discomfort, anxieties, fears, depressions, inconveniences and all other adverse effects resulting from his injuries and disability past, present and future.  Schirra v. Delaware L & W R. Co., 103 F. Supp. 812 (EDPA 1952); Mileski v. Long Island R.R. Co., 499 F.2d 1169 (2d Cir. 1974).

(b)    A sum of money sufficient to compensate the Plaintiff for lost wages and loss of earning capacity which the Plaintiff has suffered from the time of the incident through the time he fully recovered.  Baker v. B & O R. Co., 502 F.2d 638 (6th Cir. 1974).

(c)    A sum of money sufficient to compensate Plaintiff for any impairment of his capacity to earn a living in the future, i.e., damages for impairment of Plaintiff's future earning capacity.  Moore v. C & O Railway Co., (DC WV 1980) aff'd 649 F.2d 1004.

**POINTS FOR CHARGE NO. 24:**

If you conclude that the Plaintiff, as a result of his injuries, has been rendered less able to work than he was before, then one of the elements which you include in your damages award would be his out-of-pocket wages.  <u>Trawbridge v. Chicago & I.M. Ry. Co.</u>, 263 N.E. 2d 619 (Il. App. 1970).

**POINTS FOR CHARGE NO. 25:**

The Defendant must take the Plaintiff as it finds him and therefore, if you find by reason of some pre-existing condition that the Plaintiff was more susceptible to injury, you may not thereby exonerate the Defendant from liability.  Nelson v. Black, 266 P.2d 817 (1954).  The Defendant is liable for all damages resulting from the aggravation or acceleration of a possible pre-existing condition that the Plaintiff may have as long as it is found that the Defendant's negligence or breach of duty played some part, even the slightest, in accelerating or aggravating the Plaintiff's injury.  Milos v. Sea-Land Services, Inc., 478 F. Supp. 1014 (SDNY 1979) at 1023.

**POINTS FOR CHARGE NO. 26:**

Therefore, Robert Pelusi can recover for the aggravation of his injuries if the inaction or negligence of the Defendant, directly or remotely, contributed thereto.  <u>Heater v. Chesapeake & Ohio Railway Co.</u>, 497 F. 2d 1243, 1246 (7th Cir. 1974).  You should consider Amtrak's conduct through its employees to determine if Amtrak's negligence aggravated or worsened Robert Pelusi's injuries.

**POINTS FOR CHARGE NO. 27:**

The Jury is instructed that a permanent injury is not one which eventually causes a person's death; it is disablement which accompanies him or her to the grave.  Carminati v. Philadelphia Transportation Co., 405 PA 500 (1962).

**POINTS FOR CHARGE NO. 28:**

The Plaintiff has produced evidence tending to show that Robert Pelusi's heart attack, which is the subject of this lawsuit, was of a nature resulting in his permanent disability.  A permanent disability is the inability to perform the duties of the Plaintiff's occupation which he ordinarily was capable of performing prior to the injury sustained. If you find the Plaintiff's injury to be permanent, then in assessing damages much must be left to your good discretion having regard for all the evidence that has been presented. A permanent injury need not, or course, result in total disability to be compensable.

<u>DeMarines v. KLM, Royal Dutch Airlines</u>, 580 F.2nd 1193 (3rd Cir. 1978).

**POINTS FOR CHARGE NO. 29:**

If you find liability for the Plaintiff and against the Defendant you should consider, in determining damages, any evidence that has been introduced tending to show that, as a result of this occurrence, that Plaintiff's ability to earn money in the future has been impaired or diminished. If you so find, then in arriving at a fixed money sum the cash value for this element of damage, there is no strict mathematical formula on which you can rely. So much depends on the fact picture in its entirety. You must, be reasonably certain that the Plaintiff's earning capacity has been diminished, either permanently or for a period of time which you should try to determine from the evidence. Once you are reasonably certain of this fact, the amount you decide to award must appear to you as just to both the Plaintiff and the Defendant based on circumstances shown to exist.

<u>Heckman v. Federal Press Company</u>, 587 F.2d 612 (3rd Cir. 1978).

**POINTS FOR CHARGE NO. 30:**

In any verdict for the Plaintiff you include that sum of money as would fairly compensate him for the pain, suffering, and inconvenience which he has sustained as a result of his heart attack, and you should consider Robert Pelusi's pain and suffering, past, present, and future.

Plaintiff is entitled to that sum of money which in the collective good judgment of the Jury would represent fair compensation for any pain, suffering, aggravation, inconvenience, disruption of his lifestyle and so forth which is attributable to the injuries for which the Defendant is liable. Mileski v. Long Island R.R. Co., 449 F.2d 1169 (2d. Cir. 1974).

**POINTS FOR CHARGE NO. 31:**

In assessing damages, the law allows you to award to Plaintiff a sum that will reasonably compensate him for any physical pain as a result of the Defendant's wrongdoing.  There are no objective guidelines by which you can measure the equivalent of this element of injury; the only real measuring stick, if it can be so described, if your collective conscience.  You should consider all the evidence bearing on the nature of the injuries and the likely duration thereof.  In this difficult task of putting a money figure on the aspect of injury that does not readily lend itself to an evaluation in terms of money, you should try to be a objective as the situation will permit.  Moreover, the fact that the injured person was able to work, this in of itself does not preclude or prevent you from awarding damages for pain and suffering experienced while working during his disability.  Greenburg v. McCabe, 453 F.Supp. 765 (EDPA, 1978), aff'd 594 F.2d 854 (3d Cir. 1979).

You should consider Robert Pelusi's pain and suffering, inconvenience and loss of enjoyment of life, past, present and future when assessing compensation for non-economic damages.

**POINTS FOR CHARGE NO. 32:**

The Jury is instructed that the money award to the Plaintiff shall be in today's

dollars.  Therefore, the jury should consider the value of the dollar today, what it will buy

now and its worth at the present time rather than its value at some time in the past.

Sprangler v. Helms N.Y. Pitts Motor Express, 396 PA 482, 488.

Respectfully submitted,

*s/Thomas J. Joyce, III*
THOMAS J. JOYCE, III, ESQUIRE
Law Office of Thomas J. Joyce, III
900 Centerton Road
Mount Laurel, NJ 08054
(856) 914-0220
Attorney for Plaintiff

MICHAEL J. McDEVITT, ESQUIRE
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA 02110
(617) 439-4990
Local Counsel for Plaintiff

DATED: January 30, 2007

## CERTIFICATE OF SERVICE

I, THOMAS J. JOYCE, III, hereby certify that I electronically filed the foregoing Plaintiff's Jury Instructions with the Clerk of Court using the ECF system, which sent notification of such filing to Stephen E. Hughes, Esquire, attorney for Defendant, Amtrak.

SO CERTIFIED this 30th day of January 2007.

_s/Thomas J. Joyce, III_____
THOMAS J. JOYCE, III, ESQUIRE