UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT PELUSI )<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD )<br>PASSENGER CORPORATION )<br>Defendant. )<br>) | CIVIL ACTION NO. 04 12236 RGS |

**DEFENDANT AMTRAK'S
REQUEST FOR INSTRUCTIONS TO THE JURY**

The defendant, National Railroad Passenger Corporation ("Amtrak"), requests that the Court give the instructions attached hereto as Exhibit A to the jury.

DEFENDANT,
National Railroad Passenger Corporation,
by its attorneys,

DATED:  January 30, 2007

s/Stephen E. Hughes
John A. Kiernan, BBO #271020
Stephen E. Hughes, BBO #629644
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

## CERTIFICATE OF SERVICE

      I, Stephen E. Hughes, hereby certify that, on January 30, 2007, I served a copy of the foregoing document by sending same by first class mail, postage prepaid, to counsel for each other party as follows:

Plaintiff's Counsel:
Thomas J. Joyce, III, Esq.
Hannon & Joyce
The Public Ledger Building – Suite 1000
150 S. Independence Square West
Philadelphia, PA 19106

Plaintiff's Local Counsel:
Michael J. McDevitt, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Ave., Suite 345
Boston, MA 02210

                                                 s/Stephen E. Hughes
                                                 Stephen E. Hughes

# EXHIBIT A

# PROPOSED JURY INSTRUCTIONS

# TABLE OF CONTENTS

I.    **GENERAL INSTRUCTIONS**…….………………………………….J.I. Nos.[1]   1-25

II.   **CLAIM OF VIOLATION OF FELA**………………………………J.I. Nos.   26-35

III.  **DAMAGES**………………………………………………………… J.I. Nos.   36-47

---

[1] J.I. Nos. means Jury Instruction Numbers in these proposed instructions.

# JURY INSTRUCTIONS[2]

## I. GENERAL

### A. Duty of Jurors

1. It is your duty as jurors to follow the law as stated in the instructions by the Court, and to apply the rule of law so given to the facts as you find them from the evidence in the case.

2. You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty to base a verdict upon anything but the evidence in the case.

3. You, the jury, are the sole judges of the facts. It is up to you to find out what happened in the case and apply the law which I give you to the facts you find. In reaching your verdict, you may only consider the testimony and exhibits which have been introduced into evidence in this case.

4. This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as a private individual. All parties, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions (4th ed. 1987) (modified) §71.01.

### B. Evidentiary Considerations

5. You cannot be governed by sympathy or prejudice, or any motive whatsoever, except a fair and impartial consideration of the evidence, and you must not allow any sympathy you may have for any party to influence you in any degree whatever, in deciding whether the plaintiff has sustained her burden of proof, or in assessing damages.

---

[2] Legal citations that are specific to a single instruction (e.g. one paragraph) are included at the end of the instruction within the same paragraph. When one citation or group of citations applies to a series of jury instructions, the citation is placed at the end of the series of instructions in a location that is flush left to the margin so as to indicate that it does not solely apply to the previous single instruction. Consequently, when a jury instruction has no cite included within its paragraph, the applicable cite(s) will appear subsequently at the end of the series of instructions to which the cite applies.

6. In considering the evidence, you should take into account the testimony of the witnesses, the stipulations agreed to among the parties, the exhibits received in evidence by the Court, direct and circumstantial evidence and reasonable inferences which you may draw from the evidence.

7. There are two kinds of evidence. one is direct evidence, such as that of an eyewitness. The other is circumstantial, that is, where one fact points or leads to another. For example, if a person enters this courtroom wearing a wet coat and shoes, that is circumstantial evidence that it is raining outside. Other explanations may exist, but rain is a reasonable one.

8. Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proven.

9. The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proven the fact or event which has been judicially noticed.

10. Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

11. Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

12. The jury may consider a hypothetical question and answer thereto only if the jury first finds that the facts which the witness is asked to assume are true. Cormier's case, 337 Mass. 714, 716, 151 N.E.2d 269 (1958); Brown v. U.S. Fidelity & Guaranty Co., 336 Mass. 614, 147 N.E.2d 160 (1958).

13. Some evidence is admitted for a limited purpose only. When the Court instructs that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

14. You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you saw and heard as the witnesses testified. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

Devitt, et al, Federal Jury Practice and Instructions § 71.08, 71.09)

### C. Credibility of Witnesses

15. You, as jurors are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies or by the character of the testimony given, or by evidence to the contrary of the testimony given. You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. In appraising the credibility of every witness in this case, you are entitled to consider the interest, or lack of interest of the particular witness in the outcome of this litigation. Thus, in determining the credibility of the plaintiff, you may consider the fact that she stands to gain monetarily by a favorable verdict. Consider each witness, motive, state of mind, and demeanor or manner while on the stand. If you find that a witness is a friend in this case, or if a witness is biased toward a party in this case, then you may consider that in deciding how believable the witness is. Consider the witness' ability to observe the matters on which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

16. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

17. After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

18. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Devitt, et al, Federal Jury Practice and Instructions, § 73.01; Olson v. Ela, 8 Mass. App. Ct. 165 (1979); Liacos, Handbook of Massachusetts Evidence, (1981) 144.

### D. Burden of Proof

19. In a civil action such as this, the burden is on the party asserting a claim to prove every essential element of that claim by a "preponderance of the evidence." A "preponderance of the evidence," means such evidence as, when considered and compared to that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than false. In other words, to establish a claim by a "preponderance of the evidence," the party asserting the claim must prove that it is more probably so, than not so.

20. A "preponderance of the evidence" does not mean that you should count the number of witnesses or documents. Rather, a "preponderance of the evidence" refers to the quality of all of the evidence which you accept as credible or true.

21. By a fair preponderance of the evidence, it is meant that if you hesitate or are doubtful as to whether your verdict should be in favor of the plaintiff, then she has failed to satisfy you by a fair preponderance of the evidence that her contentions are true, and you must therefore find in favor of the defendant.

Liacos Handbook of Massachusetts Evidence, (5th ed. 1981), p. 38

22. Unless you believe that the plaintiff has proven her case by a preponderance of the credible evidence, you must find for the defendant. If the evidence is, in you view, so evenly balanced that you cannot tell on which side the weight of the evidence lies, then you must find for the defendant. A tie goes to the defendant. Sullivan v. Hamacher, 339 Mass 190 (1959).

23. You must find that the plaintiff has failed to maintain the burden of proof if, on all credible evidence, the question of the defendant's liability or causation between its alleged actions and the plaintiff's injuries are left to conjecture, surmise or speculation. Borden v. Betty Gibson Assoc., Inc., 31 Mass. App. Ct. 51, 55 (1991); Currie v. Lee Equipment Corp., 362 Mass. 765, 768 (1973); Morris v. Weene, 258 Mass. 178, 180 (1927).

24. The plaintiff is not entitled to recover if any of the material circumstances as to the liability of the defendant is left to conjecture or guesswork. You are not allowed to guess or speculate on whether the actions of the defendant were the proximate cause of the alleged injury to the plaintiff. You must be guided by the evidence, and only the evidence. Inferences based on guesses and conjecture do not suffice. Maher v. General Motors Corp., 370 Mass. 231 (1976); Cunningham v. Thurman Transport, Inc., 358 Mass. 824 (1971); Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 328, 239 N.E.2d 875, 878 (1973); Cohen v. Suburban Sidney-Hall, Inc., 343 Mass. 217, 219, 178 N.E.2d 19, 21 (1961); Blair v. Keating, 354 Mass. 771 (1968).

25. You cannot permit emotionalism or sympathy for the plaintiff to play any part in your decision as to whether the plaintiff has carried her burden of proof. If you decide the plaintiff has not carried her burden of proof, you must return a verdict for the defendant. Borrelli v. Top Value Enterprises, 356 Mass. 110, 113, 248 N.E.2d 51o (1969); Kenny v. Sears, Roebuck & Co., 355 Mass. 604, 246 N.E.2d 649 (1969).

## II. PLAINTIFF'S CLAIM THAT THE DEFENDANT NEGLIGENTLY CAUSED HIS HEART ATTACK IN VIOLATION OF THE FEDERAL EMPLOYERS LIABILITY ACT

26. **Fact of Injury Alone**: The mere fact that an injury occurred does not mean that the Defendant was negligent. On the contrary, the legal presumption is that reasonable care was exercised by both parties. The burden of proof is on the Plaintiff to overcome this presumption and to prove that the Defendant did not use reasonable care and that the injury was caused by the Defendant's failure to use reasonable care.

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions – Civil* §94.06; *Standardized Civil Jury Instructions for the District of Columbia*, Instruction No. 5-19 (as modified).

27. **Right to Assume Proper Care:** You are instructed that, in determining whether Amtrak acted with reasonable care, Amtrak has a right to assume that the Plaintiff would exercise reasonable care for his own safety and will obey safety rules and instructions.

*Utah Model Jury Instruction* § 14.11; District of Columbia *Standard Civil Jury Instruction* No. 5 4 Atlantic *Coastline R.R. v. Dixon*, 189 F.2d 525, 527 (5th Cir. 1951), *cert denied* 342 U.S. 830 (1951).

28. **Elements of the Plaintiff's Claim**: In order to prove the essential elements of Plaintiff's claim, the burden is on the Plaintiff to establish, by a preponderance of the evidence presented at trial, the following facts:

    First, that the Defendant was negligent in one or more of the particulars alleged; and
    Second, that the Defendant's negligence caused or contributed to some injury to the
        Plaintiff.
    Third, that the Plaintiff sustained consequent damage.

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions – Civil* §94.12 (as modified).

29. **Duty Imposed by FELA:** Federal Employer's Liability Act ("FELA"), 41 U.S.C. §51, states that a railroad employer is responsible for injury to its employees resulting in whole or in part from the negligence of the employer. It is the duty of an employer to use ordinary care, under the circumstances and at the time and place in

> question, to furnish its employees with a reasonably safe place to work, and to maintain and keep such place of work in a reasonably safe condition. This does not mean that the employer is a guarantor of a safe place to work, only that the employer must provide a reasonably safe place to work.

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions – Civil* §94.10 (as modified).

30. **Negligence – Definition:** Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, when prompted by considerations which ordinarily regulate the conduct of human affairs. It is, in other words, the failure to use ordinary care under the circumstances in the management of one's person or property.

    "Ordinary care" means the caution, attention or skill a reasonable person would use under similar circumstances. A reasonable person changes his conduct according to the circumstances and according to the danger he knows or should know exists. Therefore, as the danger increases, a reasonable person acts more carefully.

    In order for Plaintiff to recover in this action he must prove, by a preponderance of the evidence, that the Defendant failed to exercise ordinary care in one or more of the acts or omissions that Plaintiff alleges caused his injury.

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions – Civil* §§94.02, 94.03, 94.04 (as modified).

31. **Foreseeability:** Prior to the trial of this civil action, this Court already determined, based upon facts presented to it, that Plaintiff's heart attack was *not* foreseeable to Defendant. Consequently, you must *not* speculate in your deliberations as to whether Amtrak was or should have been aware of Plaintiff's heart condition and the likelihood that he might experience a heart attack at work.

32. **Causation [FELA]:** Under the FELA, in order for an act, or a failure to act, to be considered the cause of an injury, the act or omission must produce the injury in a direct, unbroken sequence. The act or failure to act need not be the *only* cause of the injury, but must be a cause of the injury.

    In this action, the Plaintiff seeks compensation for experiencing a heart attack. In order to recover for this injury, the Plaintiff must prove, by a preponderance of the evidence, that the injury he complains of was the direct consequence of one or more of Defendant's negligent acts or omissions.

*Barilla v. Atchison, Topeka and Santa Fe Railway Co.*, 635 F. Supp. 1057 (D. Ariz 1986); *Dale v. Baltimore & Ohio R. Co.*, 552 A.2d 1037, 1041 (Pa. 1989); *Shupe v. New York Central System*, 339 F.2d 998 (7th Cir. 1965); *Harris v. Norfolk So. Ry.*, 319 F.2d 493 (4th

Cir. 1963); *Chesapeake and Ohio Railway v. Carnahan*, 241 U.S. 241, 36 S. Ct. 594, 595 (1916); *Erie R. Co. v. Winfield*, 244 U.S. 170, 37 S. Ct. 546, 61 L.Ed. 1045 (1917).

33. **Contributory Negligence [Under FELA]**: Contributory negligence is the fault on the part of the person injured, which coincides in some degree with the negligence of another, and so helps to bring about the injury. Thus, negligence on the part of the Plaintiff himself may be a contributing cause to any injury and consequent damages.

    However, contributory negligence is not a bar to recovery. If you should find, from a preponderance of the evidence presented at trial, that the Defendant's negligence, in whole or in part, caused any injury or damage to the Plaintiff; and should further find from a preponderance of the evidence presented at trial, that the Plaintiff's own negligence contributed toward bringing about all or part of his own injury; then the total award of damages to the Plaintiff must be reduced by the amount equal to the percentage of fault or contributory negligence chargeable to the Plaintiff.

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions – Civil* §94.16

34. **Effect of Safety Rules:** In this case, there has been evidence that the Plaintiff received safety rules from Amtrak, including a safety rule involving exercising caution to ensure his actions did not result in harm to himself, which the Plaintiff was required to know and to follow as part of his employment. If you find that the Plaintiff violated a safety or operating rule of Amtrak, you may consider that violation as evidence of his contributory negligence.

*Louisville v. N.R. Co. v. Parker*, 138 So. 231 (Ala. 1931), *cert. dism'd* 53 S. Ct. 94 (1932); *Atchison T. & S.F. Ry. Co. v. Ballard*, 108 F.2d 768, 771 (5th Cir. 1940); *Wehrli v. Wabash R.R. Co.*, 315 S.W.2d 765, 772 (Mo. 1958), *cert denied* 358 U.S. 932 (1959); *Teers v. Chicago, Southshore & Southbend R.R.*, 238 F.2d 223, 226 (7th Cir. 1956).

35. **Reminder on Foreseeability**: Let me reiterate that you cannot decide that Amtrak should have foreseen Plaintiff's heart attack and add that to your deliberations as to whether Amtrak was negligent in this matter.

### III. DAMAGES

36. By instructing you on damages, I am not indicating to you in any way my view of the evidence. If you find that Defendant was not negligent with respect to Plaintiff's injury, you will not reach the question of damages.

37. **Extent of Damages [FELA]**: You are not to award damages for any injury or condition from which the Plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was caused by the accident in question.

> If you find that the Defendant was negligent but that its negligence was not the cause of the damages to the extent claimed by the Plaintiff, then the Plaintiff may recover only the portion of the damages which resulted from the Defendant's negligence.

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions – Civil* §85.15; District of Columbia *Standard Civil Jury Instruction* No. 12-2; *Sauer v. Burlington Northern R. Co.*, 106 F.3d 1490 (10th Cir. 1997); *Dale v. Baltimore & Ohio R.*, 552 A.2d 1037 (Pa. 1989).

38. **Personal Injury - No Punitive Damages**: You may not include as damages any amount that you might add for the purpose of punishing the Defendant or to make an example of it for the public good or to prevent other accidents. Such damages would be punitive and they are not authorized in this action.

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions – Civil* §85.16; District of Columbia Standard Civil Jury Instruction No. 13-13 ( as modified); *Kozar v. Chesapeake & Ohio Ry. Co.*, 449 F.2d 1238, 1240-1243 (6th Cir. 1971); *Wildman v. Burlington Northern R. Co.*, 825 F.2d 1392, 1393-1395 (9th Cir. 1987).

39. **Damages - Duty to Mitigate**: It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injuries and to effect a recovery from such injuries. An injured party is under a legal obligation to minimize the economic loss resulting from his injury by resuming gainful employment as soon as such can reasonably be done. The Defendant bears the burden of proving that the Plaintiff made less than a reasonable effort in replacing his earnings as soon as such could reasonably have been done. Failure of the Plaintiff to make a reasonable effort to minimize his damages does not prevent all recovery for economic loss, but you may not award for damages for income which could have been replaced, had a reasonable effort to lessen damages been made.

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions – Civil* §85.13; *Baker v. Baltimore & Ohio R. Co.*, 502 F.2d 638 (6th Cir. 1974); *Brown v. Chicago & North Western Transp. Co.*, 516 N.E.2d 320 (Ill. App. 1987); *Jones v. Conrail*, 800 F.2d 590 (6th Cir. 1986).

40. **Duty to Mitigate May Include Further Training**: The Plaintiff's duty to minimize his damages includes a duty to pursue that training which is reasonable, in light of his injuries, his education, station in life and character. Defendant bears the burden of proving that any training Plaintiff may have pursued, was part of a reasonable effort to mitigate or minimize the losses he sustained by reason of his injuries. Plaintiff may not recover for any loss of income that was caused by his personal choice or preference, rather than as a direct result of Defendant's negligence.

*Baker v. Baltimore and Ohio Railroad Company*, 502 F.2d 638, 644 (6th Cir. 1974).

41. **Scope of Plaintiff's Duty To Mitigate**: The duty to mitigate damages belongs to the Plaintiff. If able to work, the Plaintiff may not wait passively for employment to be offered. An unemployed Plaintiff who is able to look for work does not satisfy his duty to mitigate by waiting passively for employment to be offered. The opportunity to mitigate is not merely the opportunity to accept a job if it is offered, but the opportunity to seek appropriate work when one is able to do so. The Defendant bears the burden of showing that jobs appropriate to the Plaintiff were available, and that the Plaintiff did not seek out such jobs and avail himself of the opportunity to mitigate his damages.

*Ferris v. National Railroad Passenger Corp.*, Sup. Ct. D.C. No. 98-CA2806 (1999); *Newman v. National Railroad Passenger Corp.*, (D.C. Sup. Ct. Civ. No. 98ca1196) Alprin, J. (March 28, 2000); *Wilson v. Union Pacific Railroad Co.*, 56 F.3d 1226, 1232 (10th Cir. 1995).

42. **Damages – Loss of Future Income**: The Plaintiff bears the burden of proving to you, by a preponderance of the evidence, that he is reasonably certain to incur loss of future income from employment in the railroad industry or any other occupation as a result of the Defendant's negligence. It is not enough that there is a remote possibility that this might occur. If you find that the Plaintiff has not met this burden of proof, then you may not award any damages based upon loss of future employment.

*Kahn v Southern Pacific Co.*, 132 Cal.App.2d 410, 282 P.2d 78 (1955); *Anderson v Northern Railroad Co.*, 651 S.W.2d 176 (Mo. 1983).

43. **No Speculative Damages**: The burden of proof is upon the Plaintiff to establish all elements of his damage. Damages must be reasonable. If you should find that the Plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in this case, that he has sustained as a result of the injury.

    You are not to award to the Plaintiff speculative damages, that is, compensation for present or future detriment which, although possible, is remote or guesswork. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur.

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions – Civil* § 85.14; District of Columbia *Standard Civil Jury Instruction* No. 12-3.

44. **Nominal Damages**: If you find that the Plaintiff is entitled to a verdict in accordance with these instructions, but you do not find that the Plaintiff has

>sustained substantial (actual) damages, then you may return a verdict for the Plaintiff in some nominal sum such as one dollar.

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions – Civil* § 85.18.

45.  **Award Non-Taxable**:  You are instructed that if you make an award to the Plaintiff in this case it is not considered to be income to the Plaintiff within the meaning of the Federal and District of Columbia income tax laws and is, therefore, tax free.

Devitt, Blackmar & Wolff, *Federal Practice and Jury Instructions – Civil* §85.17 *Psychiatric Inst. v. Allen*, 509 A.2d 619 (D.C. App. 1988); *Runyan v. District of Columbia*, 150 U.S. App. D.C. 228 (1972).

46.  **Medical Expenses Not Recoverable**:  You have heard testimony as to medical treatment Plaintiff has received.  Plaintiff's medical expenses have been paid by Defendant in accordance with Defendant's collective bargaining agreement with Plaintiff's Union.  This payment was made by Defendant without regard to fault, or the lack thereof, on Defendant's part.  The payment of Plaintiff's medical bills by Defendant should not therefore be considered in anyway in your deliberations as to Defendant's negligence or lack of negligence.  If you should award the Plaintiff damages, you should not consider past or future medical costs in arriving at the amount of such an award.

This instruction has been given in *Henry, Willie Mae v. National Railroad Passenger Corporation*, C.A. No. 94-08238 (D.C. Super. Ct., Judge Retchin); *Palmer v. National Railroad Passenger Corporation*, C.A. No. 94-05433 (D.C. Super. Ct., Judge Huvelle); *McMillan v. National Railroad Passenger Corporation*, C.A. No. 90-08900 (D.C. Super. Ct., Judge Alprin); *Rochester-Brown v. National Railroad Passenger Corporation*, No. 95-CV-0096 (U.S. District Court, Judge Bryant); *Ennis v. National Railroad Passenger Corporation*, C.A. No. 95-06661 (D.C. Super. Ct., Judge Lopez) (variation); and *Bright v. National Railroad Passenger Corporation*, C.A. No. 95-00504 (D.C. Super. Ct., Judge King).

47.  **Interest**:  You are not to add interest to any award you grant if you reach the question of damages.  The law provides that a jury award in a case such as this one will be increased by 12% interest each year from the date of filing the complaint.