UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **ROBERT PELUSI**<br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RAILROAD**<br>**PASSENGER CORPORATION**<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 04 12236 RGS |

**STIPULATION OF THE PARTIES AS TO FACTS AND**
**CONCERNING AMTRAK'S INABILITY TO FORESEE PLAINTIFF'S INJURY**

The Plaintiff, Robert Pelusi ("Plaintiff"), and Defendant, National Railroad Passenger Corporation ("Amtrak") (henceforth collectively referred to as "the parties"), by and through their attorneys, hereby agree to the following stipulations, as further delineated below: (1) facts to be presented to the jury; and (2) evidentiary limitations concerning foreseeability.

1.   STATEMENT BY THE COURT TO THE JURY

During the relevant time frame, the Plaintiff in this lawsuit, Robert Pelusi, was employed by Defendant Amtrak as a redcap and baggage handler at South Station in Boston, Massachusetts.

In the spring of 2000, Mr. Pelusi was diagnosed with coronary artery disease and found to have a severe blockage in one of his arteries. He underwent surgery to reduce the blockage and a stent was inserted in his artery to help prevent its blockage in the future. Mr. Pelusi underwent physical therapy and remained out of work until September 2000 when he received a note from

his primary care physician and cardiologist that he could return to work without restriction. For the following year, Mr. Pelusi continued to work for Amtrak as a baggage handler and redcap.

On the morning of November 3, 2001, Mr. Pelusi reported to Amtrak for work as a redcap, as scheduled. At approximately 9:30 a.m., after having assisted passengers get their luggage to and from Amtrak trains, an ambulance was called and he was transported to Massachusetts General Hospital. Mr. Pelusi was diagnosed as suffering from a heart attack. Testing of his heart revealed substantial blockage of his arteries. As a result, he underwent balloon angioplasty, a surgical procedure to help remove the blockages. Mr. Pelusi has not returned to work.

Mr. Pelusi claims that he suffered a heart attack at work on November 3, 2001 and cannot work due to the negligence of Amtrak. Amtrak denies that it was negligent, that it caused Mr. Pelusi's heart attack, or that its actions or omissions are the reasons why Mr. Pelusi can no longer work as a redcap or baggage handler.

2.   EVIDENTIARY STIPULATION TO THE COURT

This Court granted Amtrak's motion for summary judgment in part with respect to any claims by Plaintiff that his heart attack was foreseeable due to his prior medical condition. The Plaintiff may not put forth evidence that Amtrak knew that it was foreseeable that Plaintiff would have a heart attack in light of Plaintiff's prior medical condition. In the event of any intentional or inadvertent statements to that effect, the jury will be informed with a limiting instruction, at that time, that it is not to consider that allegation in any of its deliberations because this court has already determined that Mr. Pelusi's heart attack was not foreseeable to Amtrak. The Plaintiff

may put forth evidence that Amtrak had a duty to employees in Plaintiff's position to safeguard against the type of harm that he alleges he suffered as a result of his working conditions.

The issue is not whether Defendant Amtrak should have specifically foreseen Plaintiff's heart attack there being no evidence that Defendant had notice of any elevated risk of injury resulting from Plaintiff's prior heart condition, but whether Defendant should have foreseen that the failure to enforce reasonable work rules might result in an injury to employees in Plaintiff's situation. In other words, while Defendant may have owed no special duty to Plaintiff, a finder of fact might reasonably find that Defendant owed a duty to employees in general to reduce the risk of injury resulting form lax enforcement or absence of safe work rules.

When providing instructions to the jury concerning the required elements of proof for a successful claim under the FELA, the Court will state that it has already determined that Mr. Pelusi's heart attack was not foreseeable to Amtrak.

Dated: January 30, 2007

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| Robert Pelusi, | National Railroad Passenger Corporation, |
| | |
| s/Thomas J. Joyce, III | s/Stephen E. Hughes |
| Thomas J. Joyce, III, Esquire | Stephen E. Hughes Esquire |
| Law Office of Thomas J. Joyce, III | Bonner Kiernan Trebach & Crociata, LLP |
| 900 Centerton Road | One Liberty Square |
| Mt. Laurel, NJ 08054 | Boston, MA 02109 |
| (856) 914-0220 | (617) 426-3900 |

Local Counsel for Plaintiff
Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Aveue, Suite 345
Boston, MA 02210
617-439-4990