UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT PELUSI**<br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RAILROAD**<br>**PASSENGER CORPORATION**<br>**Defendant.** | CIVIL ACTION NO. 04 12236 RGS |

### DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
### TRIAL MEMORANDUM

The Court's pretrial order requests a trial memorandum addressing those issues as to which there are foreseeable disputes concerning issues of law. At this time there appear to be no such disputes. Rather the trial is expected to concern issues of fact. Consequently, and in light of the fact that many aspects of this case were extensively briefed in Amtrak's dispositive motion filed last spring, it is unclear if the Court seeks a traditional trial memorandum. Nonetheless, in an exercise of caution, Amtrak files herewith a brief summation of the factual issues that are expected to be addressed at trial.

**I.      INTRODUCTION**

Plaintiff Robert Pelusi ("Plaintiff") brings a claim seeking damages for personal injury under the Federal Employer's Liability Act ("FELA"). He alleges that he suffered a heart attack while working as a red cap baggage handler due to the negligence of his employer, the defendant National Railroad Passenger Corporation ("Amtrak") which failed to provide him a safe workplace.

**II.    SUMMARY OF KEY FACTS**

In the spring of 2000, Plaintiff suffered from severe heart disease and had all the factors putting him at risk of a heart attack when he underwent heart surgery for clogged arteries. According to Plaintiff's own cardiologist and primary care physician, Plaintiff returned to work from his medical leave of absence in September 2000 and continued to disregard his physician's instructions regarding how to reduce his risk of a heart attack. Approximately one year later, he was awakened shortly after midnight on November 3, 2001 due to severe chest pains and sweating: classic symptoms of a heart attack. Plaintiff's cardiologist has testified that a full occlusion of Plaintiff's heart was in process at that time and that Plaintiff was going to suffer a heart attack that day unless he sought medical treatment right away. Nonetheless, he went to work and performed his usual duties. He was not instructed then, or at any other time, to disregard Amtrak's safety guidelines, including those concerning lifting more than 75 pounds or running. At approximately 9:30 a.m., Plaintiff's chest pain worsened and he was taken to the hospital where he was diagnosed as suffering from a heart attack.

**II.    PLAINTIFF CANNOT PROVE AMTRAK IS LIABLE PURSUANT TO FELA**

Amtrak cannot be subject to liability pursuant to the Federal Employers Liability Act ("FELA") given Plaintiff's inability to prove the requisite elements of a claim of negligence. FELA was promulgated by Congress in 1906 to "provide a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer or their fellow employees." Robert v. Consolidated Rail Corporation, 832 F.2d 3, 5-6 (1st. Cir. 1987). The Act provides that:

> [e]very common carrier by railroad while engaging in commerce between any of the several States or Territories . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the

2

officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boars, wharves, or other equipment."

45 U.S.C. § 51 (2006).

"Recovery under FELA is allowed if the employer's negligence played 'any part, even the slightest, in producing the injury or death for which damages are sought.'" Moody v. Boston and Maine Corporation, 1990 WL 8115, at *1 (D.Mass. Han. 23, 1990). Nevertheless, "FELA does not impose strict liability on employers." Robert, *supra* at 6. The defendant is not obligated to eliminate all risks in the workplace; it is only obligated to eliminate unreasonable risks." Tobin v. National R.R. Passenger Corp., 677 F.Supp. 674, 674 (D.Mass. 1988).

Consequently, a plaintiff asserting a cause of action based upon the Act must satisfy all of the "traditional common law elements of negligence – foreseeability, duty, breach, causation, and damages." Stevens v. Bangor and Aroostook R. Co., 97 F.3d 594, 598 (1st. Cir. 1996). Plaintiff, however, cannot prove negligence because he cannot satisfy at least the following two elements: (A) foreseeability – this Court has already ruled that Amtrak did not know, nor should it have reasonably known, that Plaintiff would suffer a heart attack as a result of his position as a red cap and therefore could not reasonably have foreseen such a result; and (B) duty - there is no evidence that Amtrak breached its duty by failing to provide Plaintiff a reasonably safe work place. Thomas v. Consolidated Rail Corp., 971 F. Supp. 620, 621-622 (D.Mass. 1997).

### Amtrak Did Not Breach Its Duty To Provide A Safe Workplace

"FELA imposes on a railroad a duty to provide its employees a reasonably safe place to work." Thomas v. Consolidated Rail Corp., 971 F. Supp. 620, 621 (D.Mass. 1997).

3

Plaintiff has not presented any evidence of defective or insufficient equipment or facilities, nor has he argued such in any of his pleadings to date. He also lacks any competent evidence to prove that Amtrak failed to create or enforce reasonable safety practices.

Plaintiff admits that he disobeyed Amtrak's well publicized safety regulations and policies against lifting oversized bags without assistance and against running. His only argument for liability against Amtrak is that he did so at the instruction of his supervisors. Trial testimony is expected to show that there is no basis for such an allegation.

In conclusion, the evidence at trial is expected to show that Mr. Pelusi's heart attack resulted from advanced coronary artery disease that was accelerated and initiated by his own contributory negligence. As a result, there can be no finding of negligence or violation of FELA by Amtrak, and a defense verdict should result.

|  |  |
|---|---|
|  | DEFENDANT,<br>National Railroad Passenger Corporation,<br>by its attorneys, |
| DATED: January 30, 2007 | s/Stephen E. Hughes<br>John A. Kiernan, BBO #271020<br>Stephen E. Hughes, BBO #629644<br>Bonner Kiernan Trebach & Crociata, LLP<br>One Liberty Square - 6th Floor<br>Boston, MA 02109<br>(617) 426-3900 |

### CERTIFICATE OF SERVICE

I, Stephen E. Hughes, hereby certify that, on January 30, 2007, I served a copy of the foregoing document by sending same by first class mail, postage prepaid, to counsel for each other party as follows:

Plaintiff's Counsel:
Thomas J. Joyce, III, Esq.
Hannon & Joyce
The Public Ledger Building – Suite 1000
150 S. Independence Square West
Philadelphia, PA 19106

Plaintiff's Local Counsel:
Michael J. McDevitt, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Ave., Suite 345
Boston, MA 02210

s/Stephen E. Hughes
Stephen E. Hughes

5