[margin handwriting, left side, vertical: "Denied. R.D. Stearns DJ 2-7-07"]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT PELUSI
Plaintiff,

v.                                          CIVIL ACTION NO. 04 12236 RGS

NATIONAL RAILROAD
PASSENGER CORPORATION
Defendant.

[handwritten in left margin, vertical: *Denied. R.D. Stearns DJ 2-7-07*]

### DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION FOR DIRECTED VERDICT

Now that Plaintiff Robert Pelusi has rested his case, Defendant National Railroad Passenger Corporation ("Amtrak") respectfully moves the Court for a directed verdict because Plaintiff has failed to prove negligence, or, in the alternative, has failed to prove that Amtrak's alleged negligence caused his heart attack and associated damages. As more specific grounds there for, Amtrak states the following:

### I.  PLAINTIFF HAS FAILED TO PROVE AMTRAK WAS NEGLIGENT

Plaintiff claims that Amtrak breached its duty to provide him with a safe workplace. While it is true that Amtrak has a duty to use ordinary care, pertinent to these circumstances, to furnish Mr. Pelusi with a reasonably safe place to work, Amtrak is under no obligation to guarantee a safe place to work. See Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions – Civil* §94.10

Plaintiff admits that he was fully aware that redcaps and baggage handlers were subject to a lifting limit of 75 pounds. He claims that he lifted two bags that each weighed more than 100 pounds, causing him to experience a heart attack on November 3, 2001. Consequently, he admits that his actions that day were in violation of the lifting limit set forth in the job description for redcaps.[1] Plaintiff further admits that he was subject to the requirements of Amtrak's Standards of Excellence which indicated that safety is Amtrak's highest priority and which required him obey safety guidelines pertinent to his craft. Joint Ex. 11. In addition, Plaintiff admits that he never complained to management, the safety committee or his union representative about being required to lift luggage beyond the limits set for redcaps.

Significantly, Mr. Conti, Plaintiff's union representative, admits that he is not aware of management ever instructing any redcap to exceed the lifting requirement for the job. Moreover, he admits that he never filed a grievance with Amtrak for understaffing or for requiring redcaps to lift oversized bags without assistance.

Under these circumstances, it is clear that Mr. Pelusi made a unilateral decision to lift the bags at issue without any compulsion from his employer. Amtrak cannot be held liable for Mr. Pelusi's reckless failure to follow the company's well known safety guidelines.

## II.    PLAINTIFF HAS FAILED TO PROVE CAUSATION

Plaintiff claims that Amtrak's failure to prevent him from lifting excessively heavy objects caused him to suffer a heart attack at work. Yet his own doctor, the only expert who has appeared in this case, testified that Plaintiff was going to have a heart attack that day no matter

---

[1]   Of course, he also admitted in his answer to Amtrak's Interrogatory No. 4 that the bags at issue weighed 50-60 pounds or more. If so, his claim must also fail and a defense verdict issue because his lifting that day was done in accordance with proper safety procedure. There was no negligence to complain of.

what, unless he sought early medical intervention.[2] Dr. Berg testified on this subject as follows in his trial deposition:

> A. But he had a -- he went from a stable coronary pattern to an unstable coronary pattern at midnight.
> Q. And he was heading, inexorably, towards a full 100 percent occlusion, isn't that correct --
> A. I think that that's true.
> Q. -- regardless as to what conduct he did, other than getting medical treatment?
> A. I think that's true.

Page 66, lines 8-19.

> Q. However, isn't it true that you've already testified that Mr. Pelusi was going to have a heart attack if he didn't get medical treatment that day anyway?
> A. In all probability.

Pages 71, lines 23-24 and 72, lines 1-3.

The evidence clearly indicates that Plaintiff's heart attack was caused by severe coronary artery disease, exacerbated by Plaintiff's reckless disregard for his doctor's recommendations and Amtrak's safety guidelines.

WHEREFORE, for the foregoing reasons, Amtrak moves this Honorable Court to issue a directed verdict on behalf of the defendant, thereby foregoing the unnecessary expenditure of time, money and resources by the parties and the Court that will otherwise be required for Amtrak to present its witnesses and evidence.

---

[2] Mr. Pelusi testified that he did not seek any medical attention before 9:30 a.m. by which time it was too late.

3

                                    Respectfully submitted,
                                    DEFENDANT,
                                    National Railroad Passenger Corporation,
                                    by its attorneys,

DATED: February 7, 2007            */s/ Stephen E. Hughes*
                                    Stephen E. Hughes, BBO #629644
                                    Bonner Kiernan Trebach & Crociata, LLP
                                    One Liberty Square - 6th Floor
                                    Boston, MA 02109
                                    (617) 426-3900

## CERTIFICATE OF SERVICE

    I, Stephen E. Hughes, hereby certify that, on February 7, 2007, I served a copy of the foregoing document by hand delivery to Thomas J. Joyce, III, Esq., counsel for Plaintiff, in Court Room 2 at trial at 1550 Main Street, Springfield, MA.

                                    */s/ Stephen E. Hughes*
                                    Stephen E. Hughes