IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

ROBERT PELUSI

       Plaintiff                      Civil Action No. 04-12236-RGS

    v.

NATIONAL RAILROAD
PASSENGER CORPORATION
(AMTRAK)

       Defendant
_____

PLAINTIFF'S MOTION FOR NEW TRIAL

      Plaintiff, Robert Pelusi, by his attorneys, moves this Honorable Court to set aside the verdict of the jury returned in this action on February 8, 2007, and the judgment entered on February 13, 2007, and to grant a new trial on the following grounds:

      1. The Court erred in submitting Question No. 2 of the verdict sheet without the added language "contributing to". Verdict Question No. 2 was misleading, contrary to law, and erroneous, in that the jury was not allowed to find that Defendant's negligence had contributed to Plaintiff's heart attack. The wording of the verdict sheet prejudiced substantial rights of the Plaintiff and did not comply with the recent United States Supreme Court case of <u>Norfolk Southern Railway Company v. Sorrell</u>, 127 S.Ct. 799 (2007), requiring symmetrical causation language. Question No. 3 of the verdict sheet was not the same as Question No. 2 and contained language that Plaintiff's negligence contributed to his heart attack. Plaintiff had requested Question No. 2 to read "Did Defendant Amtrak's negligence, in whole or in part, cause, contribute to, and/or aggravate Robert Pelusi's heart attack?" but the Court rejected Plaintiff's request.

      2. The Court erred in its refusal to allow Plaintiff to offer foreseeability evidence as proof of Defendant's knowledge and awareness of Plaintiff's pre-existing heart condition. Such evidence was relevant, competent, material, and admissible under Rule 402 of the Federal Rules of Evidence. The exclusion of the evidence affected a substantial right of the Plaintiff as the evidence was necessary to prove that Defendant's own medical doctor was fully aware of Plaintiff's prior heart condition and had cleared Plaintiff to return to work to full duty without restrictions after having a stent placed in his heart. Such facts would have substantiated Plaintiff's claim of foreseeability of Defendant and allowed Plaintiff to prove that Defendant's negligence had aggravated Plaintiff's pre-existing heart condition and/or had contributed to his heart attack.

      3. The Court erred in moving the trial from Boston to Springfield. The change of venue affected a substantial right of the Plaintiff to choose his forum under the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51 et seq., and to have Robert Pelusi's case heard by a jury of his peers when he lived and worked in the Boston area.

      In support of his motion, Plaintiff submits and incorporates herein by reference Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for New Trial and a submission of documentary exhibits, including the Jury Verdict Sheet (Plaintiff's Exhibit 1), Plaintiff's Proposed Jury Verdict Sheet (Plaintiff's Exhibit 2), an Amtrak medical report dated September 14, 2000 (Plaintiff's Exhibit 3), and Plaintiff's Proposed First Supplemental Jury Instruction (Plaintiff's Exhibit 4).

      Plaintiff respectfully requests oral argument.

      WHEREFORE, the Plaintiff, Robert Pelusi, respectfully requests that this Honorable Court grant Plaintiff's Motion for New Trial. A proposed form of Order is attached hereto.

>Respectfully submitted,
>
>PLAINTIFF,
>Robert Pelusi,
>By his attorneys,
>
>*/s/Thomas J. Joyce, III*_____
>THOMAS J. JOYCE, III, ESQUIRE
>Law Office of Thomas J. Joyce, III
>900 Centerton Road
>Mount Laurel, NJ 08054
>(856) 914-0220
>Attorney for Plaintiff
>
>*/s/Michael J. McDevitt*_____
>MICHAEL J. McDEVITT, ESQUIRE
>Lawson & Weitzen
>88 Black Falcon Avenue, Suite 345
>Boston, MA 02110
>(617) 439-4990
>Local Counsel for Plaintiff

DATED: February 23, 2007

## CERTIFICATE OF SERVICE

I, Michael J. McDevitt, Esquire, hereby certify that I electronically filed the foregoing Plaintiff Robert Pelusi's Motion for New Trial with the Clerk of Court using the ECF system, which sent notification of such filing to Stephen E. Hughes, Esquire, attorney for Defendant, Amtrak. I have further served a copy of the foregoing by sending same by first class mail, postage prepaid, to Stephen E. Hughes, Esquire, attorney for Defendant, Amtrak, as follows:

>Stephen E. Hughes, Esquire
>Bonner, Kiernan, Trebach & Crociata, LLP
>One Liberty Square, 6th Floor
>Boston, MA 02109

SO CERTIFIED this 23rd day of February 2007.

>*/s/Michael J. McDevitt*_____
>MICHAEL J. McDEVITT, ESQUIRE