IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

ROBERT PELUSI

       Plaintiff                    Civil Action No. 04-12236-RGS

  v.

NATIONAL RAILROAD
PASSENGER CORPORATION
(AMTRAK)

       Defendant

_____

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION FOR NEW TRIAL

The Plaintiff, Robert Pelusi, by his attorneys, submits Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for New Trial and states as follows:

Rule 59 of the Federal Rules of Civil Procedure is controlling with regard to Plaintiff's Motion for New Trial. In pertinent part, Rule 59 states:

> "(a) A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States;..."

F.R.C.P. 59.

Robert Pelusi's FELA personal injury action was tried on February 5-8, 2007, before the Honorable Richard G. Stearns of this Court, with a jury. The jury returned its verdict on February 8, 2007, and judgment was entered on February 13, 2007, in favor of Defendant and against Plaintiff. The jury found Defendant Amtrak negligent in failing to provide Robert Pelusi with a reasonably safe place to work on November 3, 2001, and answered in the affirmative to Question No. 1 on the jury verdict sheet (See Plaintiff's Exhibit 1). However, the jury was not

provided with the correct causation questions on the verdict sheet.  The jury verdict sheet was improperly worded and confused the jury.

In the recent United States Supreme Court case of <u>Norfolk Southern Railway Company v. Sorrell</u>, 127 S.Ct. 799 (2007), the United States Supreme Court held that a single standard of causation applies when assessing both the negligence of the railroad and the contributory negligence of the railroad employee in a cause of action under the Federal Employers' Liability Act (FELA).  In <u>Sorrell</u>, the railroad appealed a jury award to the plaintiff employee based on the trial judge's error in giving jury instruction that reflected a more lenient causation standard for railroad negligence than for employee negligence.  The United States Supreme Court noted:

> "Norfolk argues, persuasively we think, that it is far simpler for a jury to conduct the apportionment FELA mandates if the jury compares like with like – apples to apples.
> …
>
> We conclude that FELA does not abrogate the common-law approach, and that the same standard of causation applies to railroad negligence under Section 1 as to plaintiff contributory negligence under Section 3."

<u>Sorrell</u> at 807,808.

In Robert Pelusi's case, the jury verdict sheet at Question No. 2 read as follows:

> "Did the negligent acts or omissions of Amtrak play a role, in whole or in part, in causing or aggravating Robert Pelusi's heart attack?"

The jury verdict sheet at Question No. 3 read as follows:

> "Did negligence on the part of Robert Pelusi contribute to his heart attack of November 3, 2001?"

See Plaintiff's Exhibit 1.

Because there was evidence of contributory negligence on the part of Plaintiff in this case, the court should have instructed the jury differently with regard to Defendant's negligence in accord with the above holding of the United States Supreme Court.  The jury should have been

permitted to determine if Defendant's negligence had "contributed to" Plaintiff's heart attack, and not just if Defendant's negligence had caused or aggravated Plaintiff's heart attack. The jury verdict sheet at Question No. 2 should have read "Did the negligent acts or omissions of Amtrak play a role, in whole or in part, in causing, contributing to, and/or aggravating Robert Pelusi's heart attack.?". The jury verdict sheet at Question No. 3 should have read "Did negligent acts or omissions on the part of Robert Pelusi cause, contribute to, and/or aggravate his heart attack?". Plaintiff filed his proposed special verdict sheet with the Court prior to trial containing such symmetrical language, but the Court rejected Plaintiff's proposed verdict sheet. See Plaintiff's Proposed Jury Verdict Sheet (Plaintiff's Exhibit 2).

The Court further excluded foreseeability evidence of Defendant's knowledge and awareness of Plaintiff's pre-existing heart condition. Specifically, Plaintiff was precluded from offering evidence that Defendant's own medical doctor had cleared Plaintiff to return to work after having a stent placed in his heart. See Amtrak medical report dated September 14, 2000 (Plaintiff's Exhibit 3). Such facts would have substantiated Plaintiff's claim of foreseeability of Defendant and would have assisted the jury in properly evaluating the issue of causation. If the jury were allowed to hear evidence of Defendant's knowledge and awareness of Plaintiff's pre-existing heart condition, the jury would have been able to determine that Defendant's negligence had contributed to Plaintiff's heart attack or aggravated his pre-existing heart condition.

In the case of Stevens v. Bangor and Aroostook Railroad Company, 97 F.3d 594 (1st Cir. 1996), the First Circuit Court of Appeals held that it was proper to have instructed the jury to find defendant railroad liable for all of the employee's injuries if it could not separate injuries caused by the accident from those caused by pre-existing condition under the Federal Employers' Liability Act (FELA). In Stevens, the railroad appealed a jury award to the plaintiff

for back injuries he sustained. Citing the case of Robert v. Consolidated Rail Corp., 832 F.2d 3 (1st Cir. 1987), the First Circuit Court of Appeals noted:

> "(The) FELA provides that railroad employers are liable for injuries to their employees 'resulting in whole or *in part*' from the employer's negligence. 45 U.S.C. Sec. 51 (emphasis added); *see also Robert*, 832 F.2d at 6 ("Under FELA negligent employers cannot escape liability merely because other causes contribute to the injury.").'

Stevens at 598.

The First Circuit Court of Appeals further opined:

> "The question, one of first impression for this court, is which side should prevail on this issue in a FELA action when there is adequate expert testimony that an accident aggravated a pre-existing condition but the jury cannot separate the pain or disability caused by the pre-existing condition from that resulting from the accident. We believe that the balance tips in favor of compensating the FELA plaintiff, and so uphold the jury instructions.
> …
>
> Allowing a defendant to escape liability because of the jury's inability to separate the disability due to plaintiff's pre-existing condition from that due to the accident would prevent the plaintiff from recovering damages for the aggravation in what the factfinder has determined to be a meritorious case. This would defeat the remedial purpose of the statute."

Stevens at 601, 602.

Plaintiff filed his proposed jury instruction with the Court prior to trial in accordance with the language upheld in Stevens, but the Court rejected Plaintiff's proposed jury instruction. See Plaintiff's Proposed First Supplemental Jury Instruction (Plaintiff's Exhibit 4).

Lastly, only 19 days prior to trial, the Court moved the trial from Boston to Springfield. The change of venue affected a substantial right of the Plaintiff to chose his forum under the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51 et seq., and to have Robert Pelusi's case heard by a jury of peers from his community when he lived and worked in the Boston area.

For all of the above reasons, Plaintiff respectfully requests this Honorable Court to enter an Order granting Plaintiff a new trial in Robert Pelusi's case.

Plaintiff respectfully requests oral argument.

WHEREFORE, Plaintiff, Robert Pelusi, respectfully requests this Honorable Court to enter an Order granting Plaintiff's Motion for New Trial.

        Respectfully submitted,

        PLAINTIFF,
        Robert Pelusi,
        By his attorneys,


        *s/Thomas J. Joyce, III*
        THOMAS J. JOYCE, III, ESQUIRE
        Law Office of Thomas J. Joyce, III
        900 Centerton Road
        Mount Laurel, NJ 08054
        (856) 914-0220
        Attorney for Plaintiff

        *s/Michael J. McDevitt*
        MICHAEL J. McDEVITT, ESQUIRE
        Lawson & Weitzen
        88 Black Falcon Avenue, Suite 345
        Boston, MA 02110
        (617) 439-4990
        Local Counsel for Plaintiff

DATED: February 23, 2007


CERTIFICATE OF SERVICE

I, Michael J. McDevitt, Esquire, hereby certify that I electronically filed the foregoing Plaintiff Robert Pelusi's Memorandum of Law in Support of Plaintiff's Motion for New Trial with the Clerk of Court using the ECF system, which sent notification of such filing to Stephen E. Hughes, Esquire, attorney for Defendant, Amtrak. I have further served a copy of the

foregoing by sending same by first class mail, postage prepaid, to Stephen E. Hughes, Esquire, attorney for Defendant, Amtrak, as follows:

>Stephen E. Hughes, Esquire
>Bonner, Kiernan, Trebach & Crociata, LLP
>One Liberty Square, 6th Floor
>Boston, MA 02109

>SO CERTIFIED this 23rd day of February 2007.

>*s/Michael J. McDevitt*_____
>MICHAEL J. McDEVITT, ESQUIRE