UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT PELUSI<br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD<br>PASSENGER CORPORATION<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 04 12236 RGS |

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL**

Defendant National Railroad Passenger Corporation ("Amtrak") respectfully moves the Court to deny Plaintiff's Motion for New Trial. In support of said Opposition, Amtrak states that Plaintiff's three arguments for the new trial, i.e. misleading and erroneous language in question No. 2 of the Verdict Form, failure to allow foreseeability evidence, and the changing of the venue from Boston to Springfield are without foundation. The specific grounds for Amtrak's Opposition are detailed in the following sections of this document.

**I.   THE LANGUAGE IN QUESTION NO. 2 OF THE VERDICT SHEET DID NOT UNFAIRLY PREJUDICE PLAINTIFF**

Plaintiff's alleged concerns about the absence of the words "contributing to" in Question No. 2 border on the frivolous because the actual language used by the Court is clear, accurate, and conveys precisely the same idea. The language to which Plaintiff specifically objects reads, "[d]id the negligent acts or omissions of Amtrak play a role, in whole or in part, in causing or aggravating Robert Pelusi's heart attack?" He complains that the words "contributing to" should

have been inserted after "causing" and prior to "or aggravating." Yet, as was discussed in the conference with the Court about the proposed jury instructions and jury verdict form, the words "play a role," "in whole or in part," and "aggravating" all strongly indicate to the jury that it must determine if Amtrak's acts or omissions contributed to Plaintiff's heart attack. In fact this language reinforced the idea that the jury need not find that Amtrak wholly caused the heart attack in order to find causation and be able to move on to the next phase of their deliberations, damages. In addition, the Court's instructions, which were read and provided in hard copy to the jury on February 8, 2007, specifically mentioned that if Amtrak's negligence "was a cause, *no matter how small* in bringing about or aggravating his heart attack, then you should consider the question of damages." [emphasis added] There is nothing magical about the words "contributing to" that makes them more significant on this subject than the synonymous words used by the Court.

Plaintiff also misleadingly cites to Norfolk Southern Railway Company v. Sorrell, 127 S.Ct. 799 (2007) in a desperate effort to buttress his weak argument by suggesting that the Supreme Court requires symmetrical language regarding the effect of each party's negligence on causation. The Supreme Court's holding in Sorrel narrowly focused on correcting an imbalance against defendants in verdict form questions concerning the contributory negligence of plaintiffs. Id. at 808-809. It held that the lenient standard under FELA for finding negligence against a railroad is the same standard to be employed when determining what degree of comparative negligence was attributable to the plaintiff. Id.

Nonetheless, Plaintiff oddly suggests that Sorrell requires this Court to have phrased Question No. 3 as, "[d]id negligent acts or omissions on the part of Robert Pelusi cause, contribute to, and/or aggravate his heart attack?" This does not precisely mirror the language

Plaintiff suggests should have been used in Question No. 2 which contains the additional qualifying language, "play a role, in whole or in part." Moreover, while Sorrel requires the same *standard* be applied, it does not state that the language of the comparative negligence verdict question must precisely mimic the language in the verdict question concerning whether causation is attributable to the defendant's conduct. Id. at 807-808. In fact, as expressed by the Supreme Court, it would be foolish to ask the jury to consider if the plaintiff played a role, in whole or in part, in causing the injury, because if it determined that the plaintiff wholly caused the injury "there could be no recovery against the railroad in the first place." Id. at 808. If the jury had come to such a conclusion at Mr. Pelusi's trial, it would necessarily have answered Question No. 2 in the negative and not have moved on to consider Question No. 3. Hence, the Court appropriately used only the words "contribute to" and consciously left out "play a role, in whole or in part, in causing" in Question No. 3. Use of the word "cause" in Question No. 3 would have been meaningless, unnecessary, and potentially confusing to the jury.

Significantly, Plaintiff's counsel addressed the standard for causation at length in his closing argument, emphasizing that the jury need only find that Amtrak aggravated the plaintiff's heart attack or caused it in whole or in part. He even used the word "contributing" on numerous occasions in his references to Dr. Berg's testimony about Amtrak's role in this matter. It is difficult to imagine under these circumstances how the jury could have been confused on the subject.

Finally, in another section of Plaintiff's Memorandum, Plaintiff complains about the Court's refusal to include Plaintiff's proposed jury instruction arising from the Stevens v. Bangor and Aroostook Railroad Co., 97 F.3d 594 (1st Cir. 1996) concerning finding a railroad liable if a jury cannot separate injuries caused by the accident from those caused by a preexisting

3

condition. To the extent the citation of this case was intended to augment Plaintiff's argument as to the allegedly faulty Jury Verdict Question No. 2, it should be disregarded. There was never any indication at the trial that the jury could not properly separate Plaintiff's heart attack of November 3, 2001 from his preexisting severe coronary artery disease. Furthermore, for the reasons expressed above, the instructions from the Court, and the oral argument from Plaintiff's counsel, the jury was very well informed about Amtrak's liability for any aggravation of Plaintiff's preexisting condition.

Hence, the language used by this Court in both verdict questions 2 and 3 meets the requirements of Sorrel and appropriately allowed the jury to consider whether Amtrak had partially or wholly caused Plaintiff's injury, i.e. whether it had contributed to or fully caused the injury.

## II.    THE COURT PROPERLY ADDRESSED THE ISSUE OF FORESEEABILITY

Plaintiff complains that the Court excluded foreseeability evidence of Amtrak's alleged knowledge and awareness of Plaintiff's preexisting heart condition. In particular, he claims he was prevented from offering evidence that Amtrak's medical doctor had cleared Plaintiff for return to work without restriction in September 2000. This part of Plaintiff's Motion for New Trial is confused and appears to concern two different issues: (1) the Court's instruction to the jury that it could not find Amtrak negligent for failing to foresee Plaintiff's heart attack; and (2) evidence submitted at trial concerning Plaintiff's return to work after his heart surgery in 2000.

### (1)    THE COURT PROPERLY INSTRUCTED THE JURY CONCERNING FORESEEABILITY

To the extent that Plaintiff is challenging this instruction, such an endeavor is groundless. After reviewing briefs and oral arguments from both parties, the Court issued a ruling of partial summary judgment in June 2006 determining that there were no genuine issues of disputed fact

4

as to Amtrak's inability to foresee Plaintiff's heart attack of November 2001. Plaintiff did not challenge this decision by filing a Motion for Reconsideration. The Court's ruling was well reasoned on the grounds expressed therein and based upon the evidence and arguments submitted in the briefing and oral argument by both parties. Significantly, Plaintiff's Motion for New Trial offers no new evidence or argument as to why the Court's earlier Summary Judgment decision was erroneous. Consequently, this issue need not and should not be revisited again at this late date.

    (2)    THE COURT ADMITTED EVIDENCE AT TRIAL CONCERNING AMTRAK'S ALLOWANCE OF PLAINTIFF'S RETURN TO WORK IN SEPTEMBER 2000

During direct examination on Tuesday, February 6, 2007, Plaintiff testified that, after he had been off from work for three months recuperating from surgery, Dr. Berg told him he could return to work without restrictions. Immediately thereafter, Plaintiff testified that he then saw Amtrak's company doctor who allowed him to return to work without restrictions. The Court did not instruct the jury to disregard this testimony. Moreover, Plaintiff never attempted to submit the records of said visit into evidence, nor did the Court instruct Plaintiff's counsel that he could not do so.[1] Furthermore, this issue was addressed in the pretrial conference held at 12:00 p.m. on February 1, 2007 at which time Plaintiff's counsel argued that his client should be permitted to raise this subject to help show the jury that Plaintiff was not contributorily negligent to a high degree. The Court did not disagree.

Consequently, this is a non-issue and warrants no corrective action by the Court.

5

### III. PLAINTIFF EXPERIENCED NO UNDUE PREJUDICE FROM THE CHANGE OF VENUE FROM BOSTON TO SPRINGFIELD

Plaintiff objects to the change of venue in this matter. However, he makes no claim, nor does he attempt to make any showing, that he was unfairly prejudiced in any manner from this minor change of geographical location of the trial. As a result, there is no basis for a new trial on such grounds.

### IV. CONCLUSION

Plaintiff has presented weak and unsubstantiated arguments for a new trial in this matter. It would be a grave injustice to force the parties and the court to be subjected to the substantial costs and disruption to conduct a new trial, and to undermine the hard work and fine efforts of the jury, without compelling reasons, especially in this matter in which Plaintiff's claims were fraught with glaring flaws with respect to both liability and damages.

WHEREFORE, for the aforementioned reasons, Amtrak moves this Honorable Court to deny Plaintiff's Motion for New Trial.

                                          Respectfully submitted,
                                          DEFENDANT,
                                          National Railroad Passenger Corporation,
                                          by its attorneys,

DATED: March 5, 2007                        s/Stephen E. Hughes
                                          Stephen E. Hughes, BBO #629644
                                          Bonner Kiernan Trebach & Crociata, LLP
                                          One Liberty Square - 6th Floor
                                          Boston, MA 02109
                                          (617) 426-3900

---

[1] These records were included in proposed Exhibits 19, 24, and 25 which were never submitted for admission into evidence.

## CERTIFICATE OF SERVICE

    I, Stephen E. Hughes, hereby certify that, on March 5, 2007, I served a copy of the foregoing document by first class mail to Thomas J. Joyce, III, Esq., counsel of record for Plaintiff.

                                      s/Stephen E. Hughes
                                      Stephen E. Hughes