UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12236-RGS

ROBERT PELUSI

v.

NATIONAL RAILROAD PASSENGER CORP.
(AMTRAK)

MEMORANDUM AND ORDER
ON MOTION FOR A NEW TRIAL

March 9, 2007

STEARNS, D.J.

On February 8, 2007, after a four-day trial in the United States District Court sitting in Springfield, Massachusetts, the jury returned a verdict for defendant National Railroad Passenger Corporation (Amtrak) on plaintiff Robert Pelusi's Federal Employers' Liability Act claim. In answering the special verdict form, the jury found Amtrak negligent, but also found that Amtrak's negligence did not "cause" Pelusi's heart attack.

Pelusi now moves for a new trial asserting three grounds of alleged error. First, Pelusi objects to the wording of the second of the special verdict questions, arguing that it should have asked whether Amtrak's negligence "contributed to" rather than "play[ed] a role, in whole or in part," in causing his heart attack. Second, he argues that the court erred in excluding evidence that Amtrak should have foreseen his vulnerability to a heart attack.[1] And third, he argues that he was prejudiced by having his case tried before a jury

---

[1] Question two read in its entirety: "Q.2. Did the negligent acts or omissions of Amtrak play a role, in whole or in part, in causing or aggravating Robert Pelusi's heart

in the Springfield Division of the court, rather than before "a jury of his peers" in Boston.

"A federal court may not set aside a jury verdict and direct the entry of a contrary verdict unless no reasonable jury could have returned a verdict adverse to the moving party." Havinga v. Crowley Towing and Transp. Co., 24 F.3d 1480, 1483 (1st Cir. 1994). A new trial under Rule 59 will be granted only "if the court 'believes that the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice.'" Ramos v. Davis & Geck, Inc., 167 F.3d 727, 731 (1st Cir. 1999), quoting Velazques v. Figueroa-Gomez, 996 F.2d 425, 427 (1st Cir. 1993).

Because I agree with Amtrak that there is no merit to any of the grounds asserted, the motion for a new trial will be DENIED. The court perceives no difference other than a semantical one between the phrase "contributing to" and the phrase used by the court: "playing a role, in whole or in part." Moreover, the jury was instructed that it was to be guided by the court's written instructions on the law, and not by the wording of the verdict slip. (In its instructions, the court told the jury that causation was established if Pelusi's evidence proved that Amtrak's "negligence was a cause, no matter how small, in bringing about or aggravating his heart attack.").[2] Second, the court's pretrial ruling that there was no support for the argument that Amtrak could have foreseen plaintiff's heart attack was based on the fact that Pelusi's own treating physician cleared him to return to work without restriction. Pelusi so informed Amtrak. It would be manifestly unfair to fault Amtrak for its

---

attack?"

[2] That the phrase "contribute[d] to" appears in question three of the verdict form is of no significance as the jury never reached the issue of contributory negligence.

2

reliance on the opinion of Pelusi's own cardiologist. Finally, a plaintiff has no right, statutory or constitutional, to have his civil case heard at any particular place within the judicial district where the case is filed. To the contrary, the venue statute, 28 U.S.C. § 1391, specifies that a civil action is to be heard in the "judicial district" in which jurisdiction is founded. Springfield is manifestly within this judicial district.[3]

## ORDER

For the foregoing reasons, the motion for a new trial is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[3] I further note that Pelusi made no contemporaneous objection to the court's decision to try the case in Springfield.