IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT PELUSI,

        Plaintiff,                    Civil Action No. 04-12236-RGS

v.

NATIONAL RAILROAD
PASSENGER CORP. (AMTRAK),

        Defendant.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR GRANTING BILL OF COSTS

Plaintiff, Robert Pelusi, herewith files his Response in Opposition to Defendant, National Railroad Corporation's Motion for Granting Bill of Costs, and states as follows:

I.      BACKGROUND:

Plaintiff, Robert Pelusi, brought this action against Defendant, National Railroad Corporation (Amtrak), pursuant to the Federal Employers' Liability Act (FELA), alleging personal injuries sustained during the course and scope of his employment with Defendant. On or about September 1, 2006, Defendant offered Plaintiff $15,000.00 in settlement of his claim. Plaintiff rejected Defendant's offer of $15,000.00. Robert Pelusi's FELA personal injury action was tried on February 5-8, 2007, before the Honorable Richard G. Stearns of this Court, with a jury. The jury returned its verdict on February 8, 2007, and judgment was entered on February 13, 2007, in favor of Defendant and against Plaintiff. Defendant has now filed a Motion for Granting Bill of Costs, seeking reimbursement of costs incurred subsequent to making its offer of settlement. For the reasons set forth below, Defendant's Motion must be denied, or, in the alternative, Defendant's Bill of Costs must be reduced.

II.   ARGUMENT:

Defendant's Motion is brought pursuant to Rule 68 of the Federal Rules of Civil Procedure which pertains to offers of judgment. In pertinent part, Rule 68 states:

> "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Rule 68, F.R.C.P.

This rule was intended to encourage settlement of litigation and to provide additional inducement to settle in those cases in which there is a strong probability that plaintiff will obtain judgment but where the amount of recovery is uncertain. Delta Air Lines, Inc. v. August, 450 U.S. 346, 101 S.Ct. 1146 (1981). In Delta, the Supreme Court of the United States held:

> "Federal Rule of Civil Procedure 68 – which provides that if a plaintiff rejects a defendant's formal settlement offer 'to allow judgment to be taken against him,' and if 'the judgment finally obtained by the offeree is not more favorable than the offer,' the plaintiff 'must pay the costs incurred after the making of the offer' – does *not* apply to a case in which judgment is entered against the plaintiff-offeree and in favor of the defendant-offeror.
>
> . . .
>
> This interpretation is dictated by Rule 68's plain language – 'judgment finally obtained by the offeree … not more favorable than the offer' – which confines the Rule's effect to a case in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer.
>
> . . .
>
> A literal interpretation avoids the problem of sham offers, because such an offer will serve no purpose, and a defendant will be encouraged to make only realistic settlement offers."

Delta at 346. (Emphasis added).

In the alternative, Plaintiff argues that Defendant's Bill of Costs must be reduced. Defendant has listed a cost in the amount of $2,400.00 for monies paid to Larry Weintrauch. M.D. This individual was not called to testify at trial, nor was any opinion report ever proffered

by Defendant from Dr. Weintrauch. In fact Defendant never identified any defense expert witness. It was not until Defendant filed its Motion for Granting Bill of Costs that Defendant first disclosed that it had retained Dr. Weintrauch as Defendant's expert witness consultant. Plaintiff should not be required to pay for Dr. Weintrauch's consulting fees.

III.    CONCLUSION:

Based on the foregoing, Defendant's Motion for Granting Bill of Costs must be denied, or, in the alternative, Defendant's Bill of Costs must be reduced.

WHEREFORE, Plaintiff, Robert Pelusi, respectfully requests this Honorable Court to enter an Order denying Defendant's Motion for Granting Bill of Costs.

>Respectfully submitted,
>
>PLAINTIFF,
>Robert Pelusi,
>By his attorneys,
>
>*s/Thomas J. Joyce, III*
>THOMAS J. JOYCE, III, ESQUIRE
>Law Office of Thomas J. Joyce, III
>900 Centerton Road
>Mount Laurel, NJ 08054
>(856) 914-0220
>Attorney for Plaintiff
>
>*s/Michael J. McDevitt*
>MICHAEL J. McDEVITT, ESQUIRE
>Lawson & Weitzen
>88 Black Falcon Avenue, Suite 345
>Boston, MA 02110
>(617) 439-4990
>Local Counsel for Plaintiff

DATED: March 12, 2007